E. B. WEISS, Plaintiff-Appellee,

v.

R. C. LEHMAN and Wayne LaRue, Defendants-Appellants.

No. 79–4101.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 1980.

Decided Jan. 26, 1981.

As Amended March 30, 1981.

Patricia G. Reeves, Dept. of Justice, Washington, D.C., on brief; Alfred Mollin, Atty., Washington D.C., argued, for defendants-appellants.

Barry Marcus, Marcus & Marcus, Boise, Idaho, for plaintiff-appellee.

Before VAN DUSEN,* FARRIS and BOOCHEVER, Circuit Judges.

FARRIS, Circuit Judge:

The sole issue presented by this appeal is whether a *Bivens*-type damage remedy was properly implied against defendant Lehman, a Forest Service employee, under the Fifth Amendment due process and just compensation clauses.[1] We affirm.

## I. FACTS

Lehman appeals an adverse judgment in a suit against him for damages for destruction of certain personal property located on an unpatented mining claim on federal land. The claim had been leased in 1967–68 to Continental Rare Metals, which contracted with Weiss to construct a dredge for a mining operation. When Continental's lease expired, it did not remove its equipment, which reverted to the mine claimants under the terms of the lease. Certain of the "scrap" metal and parts were later traded to Weiss by one of the mine claimants in exchange for a lease on a dredge at another mining site. Weiss's interest in the claim was unrecorded.

Lehman, as a U.S. Forest Service employee, drew up a plan to dispose of the property on the mining claim in 1973. Under Lehman's direction, Forest Service workers buried or removed most of the property on the claim and closed the access road.

Weiss's suit against Lehman was tried to a jury on the issue of whether Lehman was entitled to qualified immunity. The jury answered that question by awarding a verdict for Weiss in the sum of $1,000 damages plus costs.

Lehman argues on appeal that the Tucker Act, 28 U.S.C. §§ 1346(a)(2), 1491 (1976 & Supp. II 1978), in conjunction with the Fifth Amendment just compensation clause, provided an equally effective alternative remedy for Weiss.[2] *See Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980).

## II. ANALYSIS

The availability of implied causes of action for money damages against federal officers in their individual capacities for violation of constitutional rights was established in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) (Fourth Amendment violation). The *Bivens* Court reasoned that when "no special factors counsell[ed] hesitation in the absence of affirmative action by Congress," *id.* at 396, 91 S.Ct. at 2005, and when "no explicit congressional declaration [required] that persons so injured . . . be remitted to another remedy, equally effective in the view of Congress," *id.* at 397, 91 S.Ct. at 2005, a plaintiff injured by a federal officer's violation of his constitutional rights was entitled to recover money damages. Although the Supreme Court had earlier reserved judgment on the applicability of *Bivens* to other constitutional violations by federal officers, *see Butz v. Economou*, 438 U.S. 478, 486 n.8, 98 S.Ct. 2894, 2900 n.8, 57 L.Ed.2d 895 (1978), its two most recent decisions found neither special fac-

---

* Honorable Francis L. Van Dusen, Senior United States Circuit Judge, for the Third Circuit, sitting by designation.

1. Jurisdiction in the trial court was first alleged under 28 U.S.C. § 1332 (1976) (diversity); that jurisdictional allegation was later amended to an allegation under 28 U.S.C. § 1331 (1976) (federal question). Jurisdiction on appeal is based on 28 U.S.C. § 1291 (1976).

2. In light of *Carlson v. Green*, 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980), decided following submission of briefs in this case, Lehman has abandoned his contention that the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2680 (1976), provides an equally effective alternative remedy.

tors counselling hesitation nor equally effective alternative remedies. *Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–1472, 64 L.Ed.2d 15 (1980) (due process, equal protection, and Eighth Amendment violations); *Davis v. Passman*, 442 U.S. 228, 245–48, 99 S.Ct. 2264, 2276–2278, 60 L.Ed.2d 846 (1979) (Fifth Amendment due process violations).

### A. Special Factors Counseling Hesitation

■ First, we must determine whether "special factors" counsel hesitation in implying a *Bivens*-type remedy. Specifically, we must assess whether Lehman occupies such an "independent status" in our constitutional scheme to render a judicially-created remedy against him inappropriate. *Carlson v. Green*, 446 U.S. 14, 19, 100 S.Ct. 1468, 1472, 64 L.Ed.2d 15 (1980). Lehman, as a Forest Service employee, does not occupy a position of such constitutional stature that implication of a damages remedy against him will significantly impair his ability to perform public functions, *see Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 2911, 57 L.Ed.2d 895 (1978). *Cf. Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) (federal marshals). *But cf. Bishop v. Tice*, 622 F.2d 349, 357 & n.16 (8th Cir. 1980) (availability of civil service remedies for wrongfully discharged federal employee was special factor counseling hesitation); *Bush v. Lucas*, 598 F.2d 958, 961 (5th Cir. 1979) (same), *vacated*, 446 U.S. 914, 100 S.Ct. 1846, 64 L.Ed.2d 268 (1980) (in light of *Carlson*). He was adequately protected by the availability at trial of a qualified immunity defense. *See Butz*, 438 U.S. at 506–07, 98 S.Ct. at 2910–11.

### B. Equally Effective Alternative Remedy

■ Second, we must determine whether relief under the Tucker Act-Fifth Amendment just compensation clause is both an alternative and "equally effective" remedy to a *Bivens*-type action.

The Tucker Act provides in relevant part that:

> The Court of Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon the Constitution ....

28 U.S.C. § 1491 (1976 & Supp. II 1978). *See id.* § 1346(a)(2) (district courts have concurrent jurisdiction when claim does not exceed $10,000). The Tucker Act is jurisdictional only; the source of a substantive right enforceable against the United States for money damages must be found elsewhere. *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). That substantive right is provided by the Fifth Amendment just compensation clause for one whose property is taken by the government, *e. g., United States v. Causby*, 328 U.S. 256, 267, 66 S.Ct. 1062, 1068, 90 L.Ed. 1206 (1946); *Jacobs v. United States*, 290 U.S. 13, 16, 54 S.Ct. 26, 27, 78 L.Ed. 142 (1933), whether the property so taken is either real or, as here, personal, *e. g., King v. United States*, 427 F.2d 767, 769, 192 Ct.Cl. 548 (1970). The Tucker Act and Fifth Amendment just compensation clause, then, do provide an alternative remedy.[3]

■ We must next determine whether the Tucker Act-Fifth Amendment remedy is equally effective to the *Bivens*-type remedy. Under *Carlson v. Green*, 446 U.S. 14, 18–19, 100 S.Ct. 1468, 1471–1472, 64 L.Ed.2d 15 (1980), the proper inquiry is whether Congress has provided an explicitly declared substitute remedy. Here, Congress has not declared the Tucker Act-Fifth Amendment remedy to be exclusive. *Cf. Carlson*, 446 U.S. at 19–20, 100 S.Ct. at 1472–1473 (Congress explicitly declared F.T.C.A. to be an alternative to, rather than a substitute for, a *Bivens*-type remedy).

■ Additional factors support our determination that a *Bivens*-type remedy is appropriate. *See Carlson*, 446 U.S. at 20–23, 100 S.Ct. at 1472–1474. The deterrence of unconstitutional acts by government officers is better served by the *Bivens*-type action, since damage recovery is against the federal officers individually, than by the Tucker Act-Fifth Amendment claim against

---

**3.** The appropriate court in which to bring such a claim would depend on the alleged value of the property taken. *See* 28 U.S.C. § 1346(a)(2) (1976 & Supp. II 1978).

the United States. *See id.* at 21, 100 S.Ct. at 1473. The *Bivens*-type action is also superior to the Fifth Amendment claim made under the Tucker Act because, as here, it provides for trial by jury. *See, e. g., United States v. Sherwood,* 312 U.S. 584, 587, 61 S.Ct. 767, 770, 85 L.Ed. 1058 (1941) (Court of Claims' procedure may be restricted to nonjury trials when Congress consents to suit against the United States). *See also Carlson,* 446 U.S. at 22–23, 100 S.Ct. at 1473–1474.

The Tucker Act-Fifth Amendment just compensation claim is less than equally effective to the *Bivens*-type remedy here. This conclusion comports with our prior decisions implying causes of action directly under the Fifth Amendment due process clause. *E. g., Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) (First, Fifth, and Eighth Amendments); *Jacobson v. Tahoe Regional Planning Agency,* 566 F.2d 1353, 1363–64 (9th Cir. 1978) (on denial of rehearing), *aff'd in part and rev'd in part on other grounds sub nom. Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). *Accord, Micklus v. Carlson,* 632 F.2d 227, 235–36 (3d Cir. 1980).

Affirmed.