UNITED STATES of America,
Appellant,

v.

TWO HUNDRED NINETY–FIVE IVORY CARVINGS and Marvin Segal,
Appellees.

No. 81–3260.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 11, 1982.

Originally Decided Oct. 6, 1982.

Decided Feb. 22, 1984.

David B. Smith, Dept. of Justice, Washington, D.C., Marie G. Creson, Asst. U.S. Atty., Seattle, Wash., for appellant. .

Michael D. Hunsinger, Ronald G. Neubauer, Seattle, Wash., for appellees.

Before FARRIS and CANBY, Circuit Judges, and CURTIS * District Judge.

CANBY, Circuit Judge:

Our previous decision in this civil forfeiture action is reported at 689 F.2d 850 (9th Cir.1982), where the facts are fully set forth. There we affirmed a summary judgment in favor of Segal on the ground that the government's delay in instituting judicial forfeiture proceedings violated due process. We relied substantially on the authority of *United States v. Eight Thousand Eight Hundred Fifty Dollars,* 645 F.2d 836 (9th Cir.1981) ("*$8,850* "). Because the Supreme Court had granted certiorari in *$8,850,* we extended the time for the government to petition for rehearing of this appeal until the Supreme Court had decided *$8,850.*

On May 23, 1983, the Supreme Court entered its decision in *$8,850,* —— U.S. ——, 103 S.Ct. 2005, 76 L.Ed.2d 143. The government subsequently filed its petition for rehearing in this case and we gave opportunity for a response. No response was filed. On the strength of the Supreme Court's decision in *$8,850,* we now grant the petition for rehearing, withdraw our previous decision, reverse the summary judgment against the government, and remand for further proceedings.

In *$8,850,* the Supreme Court held that *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), supplied the appropriate test for determining whether delay in initiating judicial forfeiture proceedings violated due process. 103 S.Ct. at

---

* The Honorable Jesse W. Curtis, United States District Judge for the Central District of California, sitting by designation.

2012. *Barker* requires a weighing of four factors: the length of delay, the reason for the delay, the claimant's assertion of his right, and prejudice to the claimant. *Id.* Applying these factors in *$8,850,* the Supreme Court held that an 18-month delay, "quite significant" in itself, did not violate due process. *Id.* The Court found to be weighty two reasons for delay: the initiation and determination of a petition for administrative remission, and the subsequent pendency of criminal proceedings. The Court was impressed with the district court's assessment that the government had proceeded with "all due speed." *Id.* 103 S.Ct. at 2014. The Court also relied on the fact that the claimant had never requested the institution of judicial proceedings, although she had requested a speedy determination of her petition for administrative remission. Finally, the Court noted that there was no showing of prejudice to the claimant in that she had not shown that "the delay affected her ability to defend the propriety of the forfeiture on the merits." *Id.*

In the present case the delay in initiating judicial forfeiture proceedings was approximately nineteen months. A petition for administrative remission was filed at the last permissible moment, and its determination took some eight months thereafter. Criminal proceedings were pending at the same time, but were terminated by a plea of guilty before the administrative petition was denied. Summary forfeiture proceedings were initiated, and became judicial forfeiture proceedings only after Segal, the claimant, contested them by posting bond. During the period of delay, Segal never requested the initiation of judicial forfeiture proceedings. He also made no showing of prejudice resulting from the delay, but the posture of the case in district court may not have permitted him an opportunity to make such a showing.

■ Faced with these facts, the district court rendered summary judgment for Segal. It did so on the ground that the government's delay violated 19 U.S.C. § 1603 (1976 ed. Supp V), which requires the appropriate customs officer "to report promptly" to the United States Attorney whenever legal proceedings "in connection with such seizure or discovery are required." While § 1603 did not include the word "promptly" until it was amended in 1978, after nearly all of the delay in this case had occurred, the requirement of prompt referral had previously been inferred in order to avoid unconstitutionality in the statutory forfeiture scheme. *E.g., United States v. One 1971 BMW 4-Door Sedan,* 652 F.2d 817, 818 n. 1 (9th Cir.1981); *United States v. One 1970 Ford Pickup,* 564 F.2d 864, 866 (9th Cir.1977). We accordingly conclude that, at least at the time of these proceedings, the prompt referral implicitly required by § 1603 is a referral no later than the time judicial proceedings must be instituted to comply with constitutional due process.

■ The summary judgment against the government can therefore be upheld only if the delay in instituting judicial forfeiture proceedings violated due process. In view of the intervening decision of the Supreme Court in *$8,850,* we cannot uphold the judgment of the district court on due process grounds because there has been no evaluation of the delay in light of the four factors of the *Barker v. Wingo* test. That evaluation must be made in the first instance by the district court. We therefore must reverse the judgment of the district court in the forfeiture action, and remand the case for further proceedings consistent with the Supreme Court's decision in *$8,850.*

■ As we pointed out in our prior decision, 689 F.2d at 858, the second cause of action asserted by the government, for a civil penalty pursuant to 19 U.S.C. § 1497, was not subject to dismissal for delay on the same theory that is applicable to a forfeiture. The dismissal of that claim is therefore also reversed and remanded for further proceedings.

REHEARING GRANTED: PRIOR DECISION WITHDRAWN; JUDGMENT OF THE DISTRICT COURT REVERSED; CASE REMANDED.