**Julie Lelath SEGUIN, Plaintiff-Appellee,**

v.

**Donald L. EIDE, et ux.,
Defendant-Appellant.**

No. 79–4130.

United States Court of Appeals,
Ninth Circuit.

Nov. 16, 1983.

As Amended March 27, 1984.

Richard Pierson, Seattle, Wash., for plaintiff-appellee.

Charles Pinnell, Asst. U.S. Atty., Seattle, Wash., for defendant-appellant.

Before GOLDBERG,* Senior Judge, KILKENNY, Senior Judge, and BOO-CHEVER, Circuit Judge.

BOOCHEVER, Circuit Judge:

The events surrounding the seizure of Ms. Seguin's 1974 Dodge Dart automobile are fully set forth in our original opinion in this case. *See Seguin v. Eide,* 645 F.2d 804,

806–07 (9th Cir.1981). Certiorari was granted by the United States Supreme Court, —— U.S. ——, 103 S.Ct. 2446, 77 L.Ed.2d 1328, and this case was remanded for reconsideration in light of the four-part balancing test adopted by the Court in *United States v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in United States Currency,* —— U.S. ——, 103 S.Ct. 2005, 76 L.Ed.2d 143 (1983) (hereinafter referred to as *$8,850* ).

**A. The *$8,850* Balancing Test**

In *$8,850,* the Court held that due process required filing within a meaningful time by Customs of a judicial forfeiture action subsequent to seizure of undeclared currency at a border checkpoint. *$8,850,* —— U.S. ——, ——, 103 S.Ct. 2005, 2011, 76 L.Ed.2d 143 (1983). Whether due process has been satisfied, however, depends on the relevant facts and circumstances of the particular case. The Court identified four factors that must be balanced by the reviewing court in order to determine whether delay violates due process: (1) the length of the delay, (2) the reason for the delay, (3) the claimant's assertion of his rights, and (4) prejudice to the claimant occasioned by the delay. —— U.S. at ——, 103 S.Ct. at 2011. We must determine whether the *$8,850* test invalidates the jury's verdict.[1]

**B. The Jury Instructions**

The jury in this *Bivens*-type action[2] rendered a general verdict against Eide in the amount of $7,300. It was the jury's duty, as the trier of fact, to decide whether the delay in filing the forfeiture action was excessive. In the absence of plain error we must affirm the jury's verdict unless, over Eide's objections, the instructions were erroneous in light of *$8,850.* Fed.R.Civ.P. 51.

---

* Honorable Irving L. Goldberg, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. *$8,850* does not require us to reexamine our denial of Eide's assertion of official immunity, and we decline to do so. There were sufficient grounds from which the jury could have concluded that Eide's actions violated "constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

2. *Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). *Bivens* involved an implied right of action under the fourth amendment. This court has con-

cluded that a private right of action can be implied for taking property without compensation under the fifth amendment. *Weiss v. Lehman,* 642 F.2d 265 (9th Cir.) *vacated and remanded on other grounds,* 454 U.S. 807, 102 S.Ct. 80, 70 L.Ed.2d 76 (1981); *Jacobson v. Tahoe Regional Planning Agency,* 566 F.2d 1353, 1363–64 (9th Cir.1977) *reversed in part on other grounds, sub nom Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979). In *States Marine Lines v. Schultz,* 498 F.2d 1146 (4th Cir.1974), the Fourth Circuit concluded that a plaintiff could bring a cause of action against a federal official when his goods had been illegally detained by customs agents.

We conclude that the instructions substantially complied with *$8,850*.

Jury Instruction No. 10 read as follows:

The law provides that every vehicle which has been used to transport any article which has been brought into the United States contrary to law shall be seized and forfeited.

If, after the seizure of plaintiff's vehicle, it appeared to defendant Eide that plaintiff's vehicle was subject to forfeiture, it was his duty promptly to report the seizure of that vehicle to the United States Attorney in order that the United States Attorney might commence forfeiture proceedings against it.

If it appeared to defendant Eide that plaintiff's vehicle was not subject to forfeiture, it was his duty promptly to release the seized vehicle to plaintiff.

The determination as to whether the defendant Eide acted promptly in reporting the seizure to the United States Attorney for the commencement of forfeiture proceedings must be made by you in light of all relevant facts and circumstances.

Eide objected to the second paragraph of this instruction on grounds that it implied Eide could not delay the forfeiture action in order to investigate Seguin's petition for remission. As the district court noted, however, the final paragraph of the instruction directed the jury to determine "promptness" in light of all relevant facts and circumstances. The judge commented that "it's certainly open to [Eide's counsel] to argue all the facts and circumstances that would cause [Eide] to delay, defer the reporting." In closing argument, Eide's counsel argued that the investigation of the petition, the criminal investigation and prosecution of the Bensons, and the legal dispute over whether Krugerrands were merchandise or currency all contributed to the delay in filing the forfeiture action.

■ We find that Instruction No. 10 substantially complied with the teachings of *$8,850*. Although the instruction did not expressly state the four factors of the *$8,850* test, it allowed the jury to consider all the relevant facts and circumstances in deciding whether the delay was excessive. Eide did not request an instruction that expressly stated the four factors of the *$8,850* test. Given that the instruction was written prior to the *$8,850* decision, the court's failure to use the precise wording of *$8,850* cannot be considered plain error. It is also clear that Eide's counsel drew the jury's attention to all of the facts and circumstances that might have justified the delay. The jury's verdict may be considered a rejection of Eide's proffered explanations.[3]

As we indicated in our earlier decision in this case, there were sufficient facts in the record to support the jury's verdict, and *$8,850* does not mandate a contrary conclusion. From Seguin's letter on February 25, Eide knew that Seguin was seventy-three years old, a partially crippled widow dependent on her car to move musical instruments necessary to her profession. We have noted elsewhere the special hardships that may result from even a short deprivation of a private automobile. *United States v. One 1970 Ford Pickup*, 564 F.2d 864, 866 (9th Cir.1977) (automobile is a fast depreciating asset); *Stypmann v. City and County of San Francisco*, 557 F.2d 1338, 1344 (9th Cir.1977) ("Days, even hours, of unnecessary delay may impose onerous burdens upon a person deprived of his vehicle."). *See also Lee v. Thornton*, 538 F.2d 27, 31 (2d Cir.1976). Even after the criminal charges against the Bensons were dismissed, Customs did not return Seguin's car. Instead, one month later, Eide referred the case to the United States Attorney for forfeiture proceedings. In light of all the facts and circumstances, the jury could have found the delay between the seizure and the referral violated due process. Consequently, we affirm the jury's verdict as to liability and remand for recomputation of damages in accord with our original decision.

The judgment of the district court is AFFIRMED IN PART and REVERSED AND REMANDED IN PART.

---

**3.** We do not suggest that such an instruction will be adequate in future cases where the parties have the benefit of the Supreme Court's teachings in *$8,850* regarding the factors to be balanced. In the future, jury instructions should generally address the *$8,850* balancing test more specifically. *Cf. United States v. Forty-Seven Thousand Nine Hundred Eighty Dollars ($47,980.00) in Canadian Currency*, 726 F.2d 532 (9th Cir.1984) (remanding for application by district court of *$8,850* test); *United States v. Two Hundred Ninety-Five Ivory Carvings*, 726 F.2d 529 (9th Cir.1984) (same); *United States v. Thirteen (13) Machine Guns and One (1) Silencer*, 726 F.2d 535 (9th Cir.1984) (same).