UNITED STATES of America, Plaintiff,

v.

REAL PROPERTY LOCATED AT 165 ADELLE STREET, JACKSON, MISSISSIPPI, with all Appurtenances, Improvements, and Fixtures Situated Thereon, and all Proceeds Thereof Together with all Furnishings and Personal Property Located With Any Improvement or Upon the Real Property, Defendants.

Civ. A. No. 3:94–CV–116BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

May 3, 1994.

---

Robert G. Anderson, U.S. Attorney's Office, Jackson, MS, for plaintiff.

Lee B. Agnew, Jr., Agnew, Crawford & Associates, Jackson, MS, for Real Property, Located at 165 Adelle Street, Jackson, MS with All Appurtenances, Improvements, and Fixtures Situated Thereon, and All Proceeds Thereof, Together with All Furnishings and Personal Property Located Within Any Improvements or Upon The Real Property, Bonnie Jean Jackson.

Kate S. Eidt, Kate S. Eidt, Jackson, MS, for Willie B. Anthony.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the following motions: (1) Motion to Set Aside Default Judgment of Bonnie Jean Jackson ("Jackson") concerning the real property located at 165 Adelle Street and the personal property situated thereon; and (2) Motion to Set Aside Default Judgment of Willie B. Anthony ("Anthony") concerning Big John's Restaurant located at 3339 Medgar Evers Boulevard, Jackson, Mississippi, and the personal property situated thereon. Having considered the Motions and the response of the United States of America ("the government"), the Court finds that the Motion filed by Jackson should be denied, and the Motion filed by Anthony is not yet ripe for decision, and is therefore denied.

### I. Background

The government filed a Verified Complaint for Forfeiture on March 9, 1994, in regard to the real property described more fully above as the Defendants in this action. Record title to this property is vested in the name of Edward Charles Johnson ("Johnson") and Bonnie Jean Jackson, as indicated by the title records in the Office of the Chancery Clerk of Hinds County, Mississippi. According to the Complaint and the Affidavit in Support of Forfeiture, attached to the Complaint, Jackson is the mother of Johnson and merely a nominee titleholder of the property in question. This property was allegedly purchased by Johnson with proceeds gained from illegal narcotics trafficking. The Complaint states as follows:

The defendant real property and the defendant personal properties are forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(A) and/or 21 U.S.C. §§ 881(a)(6) and (7) because there is probable cause to believe that the defendant real property and the defendant personal properties were involved in a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) or 1956(a)(1)(B)(i), or that the defendant real

and personal properties were used in whole or in part to commit or to facilitate a violation of 21 U.S.C. § 801, *et seq.*, or that the defendant real and personal properties constitute proceeds traceable to a violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) or 1956(a)(1)(B)(i) or proceeds traceable to a violation of 21 U.S.C. § 801 *et seq.*, thereby subjecting the defendant real and personal properties to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. §§ 881(a)(6) and (7).

Complaint at ¶ VII.

On March 24, 1994, Jackson received notice of this action by certified mail, return receipt requested, stating that she must file a claim for any interest in the property within ten days of receiving the notice or the property would be forfeited to the government.[1] The government also served notice on the real and personal property by posting at the property the summons, Verified Complaint for Forfeiture and a Notice of Forfeiture Action. When no response was received, the government filed an Application for Entry of Default and Judgment by Default. The Clerk of Court made an Entry of Default against Jackson on April 5, 1994, and a Judgment of Forfeiture by Default was entered by the Court on April 6, 1994. Jackson filed the current Motion to Set Aside Default on April 18, 1994.

A Motion to Set Aside Default was filed by Anthony on April 18, 1994, concerning certain real property known as Big John's Restaurant located at 3339 Medgar Evers Boulevard, Jackson, Mississippi, and all personal property thereon. No Default Judgment has been entered in Civil Action No. 3:94–cv–116BN regarding this property. The only reference to such property in the court file is in the Affidavit in Support of Forfeiture attached to the Complaint.[2] The Complaint, however, does not mention this property.

## II. *Analysis*

Jackson has filed a Motion to Set Aside Default Judgment but has failed to provide a Memorandum in Support of such motion to this Court. Furthermore, the Motion offers only a cursory explanation for Jackson's failure to file a claim within the prescribed period of time regarding the property in question. According to Jackson, the reason for such failure is that her previous attorney, who was not named in the Motion, failed to take any action to protect her interest in the property. Jackson also cited *United States v. James Daniel Good Real Property,* —— U.S. ——, 114 S.Ct. 492, 126 L.Ed.2d 490 (1993), for the proposition that "persons situated, like this Movant, should be afforded a real opportunity to contest forfeiture of their home, businesses, and belongings." Motion at 2.

The government argues that (1) Jackson had ample time to file a claim but failed to do so; (2) she has stated no meritorious defense; and (3) inadvertence or negligence of counsel does not constitute excusable neglect under Rule 60(b) of the Federal Rules of Civil Procedure such that the Judgment entered in this case should be set aside. There is ample case law to support the arguments asserted by the government. *See, e.g., United States v. $38,570.00 in United States Currency,* 950 F.2d 1108, 1115 (5th Cir.1992) (holding that district courts may strike or properly refuse to permit untimely claims under Rule C(6)); *Pryor v. United States Postal Serv.,* 769 F.2d 281, 288 (5th Cir.1985) (holding that mistakes of counsel are chargeable to the client, especially in the case of

---

1. Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims provides in relevant part as follows:

   The claimant of property that is the subject of an action in rem shall file a claim within 10 days after process has been executed, or within such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim.

   These rules, which are a supplement to the Federal Rules of Civil Procedure, are applicable to cases involving property subject to civil forfeiture. *See* 21 U.S.C. § 881(b).

2. This affidavit lists several properties which were allegedly purchased by certain persons with proceeds from their activities trafficking in narcotics. The only property in this particular civil action number for which the government is seeking forfeiture is the property located at 165 Adelle Street. The Court conducted a computer search of the civil actions currently on file with this Court and has been unable to locate any action naming Big John's Restaurant as a defendant.

postjudgment filings in light of the need for finality of judgments); *United States v. One 1978 Piper Navajo PA–31 Aircraft*, 748 F.2d 316, 318 (5th Cir.1984) (a motion to set aside a default judgment requires the movant to establish (1) justifiable neglect for failure to file a timely claim; and (2) a meritorious defense to the forfeiture).

The Court finds that the circumstances in this case are closely analogous to those in *Good*, and that case is therefore controlling in this situation. In that case, the government seized the rental home of a convicted drug dealer pursuant to 21 U.S.C. § 881(a)(7) without prior notice or a predeprivation hearing. ⸺ U.S. at ⸺, 114 S.Ct. at 497–98, 126 L.Ed.2d at 499. The government permitted the tenants in the rental home to remain on the property subject to an occupancy agreement whereby they would pay rent to the United States Marshall. *Id.* Unlike this case, Good filed a claim for the property and an answer within the appropriate time frame under Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims. *Id.* Although the Supreme Court recognized that "seizure of the *res* has long been considered a prerequisite to the initiation of *in rem* forfeiture proceedings," *id.* ⸺ U.S. at ⸺, 114 S.Ct. at 502–03, 126 L.Ed.2d at 505, the Court held that *ex parte* seizure of real property is not necessary to accomplish the statutory purpose of the drug forfeiture statute. *Id.* ⸺ U.S. at ⸺, 114 S.Ct. at 503–04, 126 L.Ed.2d at 506. Because the Court reasoned that the government has various means of protecting its interest in such property, such as by filing a notice of *lis pendens, id.* ⸺ U.S. at ⸺, 114 S.Ct. at 503–04, 126 L.Ed.2d at 506–07, the Court held that "seizure of real property under § 881(a)(7) is not one of those extraordinary instances that justify the postponement of notice and hearing." *Id.* ⸺ U.S. at ⸺, 114 S.Ct. at 504–05, 126 L.Ed.2d at 508. The Court also noted the scope of its holding:

> The constitutional limitations we enforce in this case apply to real property in general, not simply to residences. That said, the case before us well illustrates an essential principle: Individual freedom finds tangible expression in property rights. At stake in this and many other forfeiture cases are the security and privacy of the home and those who take shelter within it. *Id.*

■ The holding in *Good* is clearly on point with the facts of this case. The Court finds that the government has complied with *Good* by providing notice to both the property in this case and the property owner before attempting to seize the property. In that notice, the government stated its claim to the property in question and specifically informed Jackson that she had ten days during which to file any claim she had to the property in question. No seizure of the property occurred before the Judgment of Forfeiture by Default was entered. Furthermore, there is no evidence in the record that the government has yet attempted to seize the property. The Court therefore finds that the government provided Jackson with notice and an opportunity to be heard before attempting any seizure of the property in this matter. Because the government has satisfied the due process requirements set forth in *Good*, the Court must now proceed to the merits of this case to determine whether the Judgment of Forfeiture by Default should be set aside.

■ Jackson has moved to set aside the default judgment under Rule 60(b)(1) which provides in relevant part as follows:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....

Fed.R.Civ.P. 60(b)(1). Three factors are relevant to determine whether a default judgment should be set aside: "(1) the extent of prejudice to the plaintiff; (2) the merits of the defendant's asserted defense; and (3) the culpability of defendant's conduct." *Hibernia Nat'l Bank v. Administracion Central Sociedad Anonima*, 776 F.2d 1277, 1280 (5th Cir.1985). Considering all of these factors together, the Court finds that such factors weigh in favor of the government and that the default judgment should not be set aside.

■ The Plaintiff probably will not be prejudiced if the default judgment is set

aside because the government may still protect its interest in the property, such as by filing a notice of *lis pendens* notice. *See Good,* —— U.S. at ——, 114 S.Ct. at 503–04, 126 L.Ed.2d at 506–07. Regarding the merits of the defendant's defense, the Court is unable to address this element because Jackson has presented absolutely no clue concerning what claim she has to the property in question. The Court notes that the property is titled in her name. However, when the government has alleged that the property was purchased with proceeds from drug trafficking, the property owner must assert some claim to refute this allegation. Jackson has not done so in this case.

The final element, which is the only element addressed by Jackson in her Motion, is her culpability in this matter. She contends that her failure to timely respond to the notice in this matter is due to the fault of her former counsel, whose name is not mentioned in the Motion. According to Jackson, this reason alone is sufficient to satisfy the standard for excusable neglect set forth in Rule 60(b)(1). The Court finds that neglect by counsel is not sufficient to warrant setting aside a final judgment. In civil litigation, mistakes of counsel are charged to the client, especially in the case of postjudgment filings "because of the need that a clear, objective line of finality be drawn with reliable definiteness at some point in time." *Pryor,* 769 F.2d at 288.

> Were this Court to make an exception to finality of judgment each time a hardship was visited upon the unfortunate client of a negligent or inadvertent attorney, even though the result be disproportionate to the deficiency, courts would be unable to ever adequately redraw that line again, and meaningful finality of judgment would largely disappear.

*Id.* Even though this Court has discretion to reopen a case under Rule 60(b)(1), "[t]hat discretion is not boundless." *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *cert. denied,* —— U.S. ——, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). "[I]f the failure of the party ... is attributable solely to the negligence or carelessness of that party's attorney, then it would be an abuse of discretion for the court to reopen the case...." *Id.* —— U.S. at ——, 114 S.Ct. at 173. The Court finds that Jackson has not submitted any reason, other than negligence of counsel, for her failure to respond to the notice in this case. As set forth above, this reason is not sufficient to justify reopening this case. The Motion to Set Aside Default Judgment is therefore denied.

Regarding the Motion to Set Aside Default Judgment filed by Anthony regarding the Big John's Restaurant property, the Court finds that the Motion is not yet ripe because no default judgment has been entered against such property. The Motion is therefore denied.

### III. *Conclusion*

For the reasons set forth above, the Court finds that the Motion to Set Aside Default Judgment should be denied. The Court also finds that the Motion filed by Anthony is not yet ripe and should therefore be denied.

IT IS THEREFORE ORDERED that the Motion to Set Aside Default Judgment of Bonnie Jean Jackson is hereby denied.

IT IS FURTHER ORDERED that the Motion to Set Aside Default Judgment of Willie B. Anthony is not yet ripe and is therefore denied.

SO ORDERED.