UNITED STATES of America, Plaintiff,

v.

PROPERTY IDENTIFIED AS $88,260.00 IN UNITED STATES CURRENCY, Defendant.

Civil Action No. 95–1163 (RMU).

United States District Court, District of Columbia.

May 15, 1996.

Robert E.L. Eaton, Jr., William R. Cowden, U.S. Attorney's Office, Washington, D.C., for Plaintiff.

Mark Rochon, Washington, D.C., for Defendant.

## MEMORANDUM ORDER

URBINA, District Judge.

**Denying Claimant's Motion to Dismiss; Granting Plaintiff's Motion to Strike and Denying Claimant's Motion for the Return of the Defendant Property**

After careful consideration of the parties' submissions and the entire record herein, the court concludes the following: claimant's Motion to Dismiss Plaintiff's Verified Complaint shall be denied as this court has subject matter jurisdiction over this action; Plaintiff's Motion to Strike the Answer of Sherrie Stewart (Claimant) shall be granted as claimant has not complied with the strict requirements of Rule C(6) of the Supplemental Rules for Certain Admiralty and Maritime Claims; and claimant's motion for the return of the defendant-property shall be denied as the government did not unreasonably delay the initiation of the instant case.[1] Finally, the court will not permit the untimely filing of the verified claim as the claimant did not adhere to the requirements of Rule C(6), and no mitigating factors are present that would justify noncompliance on the part of the claimant.

## I. BACKGROUND

On June 19, 1995, plaintiff (United States) brought this *in rem* civil forfeiture action, pursuant to 21 U.S.C. § 881(a)(6), against the defendant property, $88,260.00 in U.S. currency. The government alleges that the defendant-property was proceeds traceable to an exchange in violation of Title II of the Controlled Substances Act, in particular 21 U.S.C. §§ 841(a)(1) and 846.[2] On the same day, the government issued a warrant of arrest *in rem* for defendant property. The claimant in this case has been represented by counsel since the incipiency of the present litigation. On June 24, 1995, claimant and her counsel were advised of the necessity of filling a verified claim pursuant to Supplemental Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims. On July 6, 1995, claimant filed an answer to the government's complaint *in rem*. On July 26, 1995, the government filed a Motion to Strike the Answer of Sherrie Stewart basing its argument on the fact that claimant failed to file a verified claim as required by Rule C(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims. On August 8, 1995, claimant, instead of seeking leave of court to file a verified claim as required by Rule C(6), responded with a Motion to Dismiss Plaintiff's Verified Complaint asserting that this court does not have subject matter jurisdiction over the present action.

Claimant failed to timely file a verified claim with this court as is required by Rule C(6). However, claimant attached an untimely filed verified claim to her Motion to Dismiss with a request that if the court did not grant her motion then, in the alternative, the court should allow the late filing. In her

---

1. The record does not reflect the filing, by claimant, of a motion for the return of the defendant property. However, claimant seeks such relief. As such, the court will entertain her request.

2. Plaintiff's Memorandum of Law in Support of Plaintiff's Motion to Strike at p. 1.

pleadings, counsel for claimant attempts to excuse his procedural failure by claiming lack of understanding of the applicable rules. However, the procedural prerequisites were outlined in the documents served upon counsel for claimant by the government. Finally, claimant never timely petitioned the court for an enlargement of time within which to file a verified claim.

## II. DISCUSSION

### A. Subject Matter Jurisdiction

■ Claimant argues that 19 U.S.C. § 1610 governs this case and therefore, this court does not have subject matter jurisdiction over the government's verified complaint. The government, on the other hand, states that 28 U.S.C. § 1355 is the appropriate governing statute for this matter. Jurisdiction in forfeiture cases is governed by 28 U.S.C. § 1355 which states, in pertinent part that,

> The district courts shall have original jurisdiction, exclusive of the courts of the states, of any action or proceeding for the recovery or enforcement of any fine, penalty, or forfeiture, pecuniary or otherwise . . .

[and]

> A forfeiture action or proceeding may be brought in—
>
> (A) the district court for the district in which any of the acts or omissions giving rise to the forfeiture action occurred, or
>
> (B) any other district where venue for the forfeiture action or proceeding is specifically provided for in section 1395 of this title or any other statute.

In the present case, the defendant property was seized under the authority of a search warrant issued by a district court that found probable cause to believe that claimant was involved in a narcotics conspiracy which operated throughout Washington, D.C., Maryland, Georgia, as well as other jurisdictions. The government has claimed that the pro-

ceeds recovered are traceable at least in part, to that same multi-jurisdiction narcotics conspiracy. The government could therefore have proceeded against the defendant property in any of the jurisdictions wherein the conspiracy allegedly took place, including the District of Columbia.

Claimant contends that 19 U.S.C. § 1610 is the applicable statute in this action and therefore, "the U.S. Attorney's Office of the District of Columbia lacks the authority to seek the forfeiture of defendant property and that, as a consequence, this court lacks subject matter jurisdiction to hear the government's complaint." Claimant's argument simply cannot be credited by the court. Congress clearly placed forfeiture actions of this type within the ambit of 28 U.S.C. § 1355 and has made this statute the proper governing authority. Therefore, as the defendant property falls within the ambit of the statute, subject matter jurisdiction is proper in this court.

### B. Requirements for Filing a Verified Claim

At issue before the court is whether or not the claimant must file a verified claim of ownership with this court prior to filing an answer and, if so, may the answer be stricken by the court for failure to comply with this requirement. Claimant argues that such a filing is redundant since claimant has already claimed ownership at a prior administrative proceeding. The government, however, argues that a verified claim must first be filed with this court as required by the applicable rules.

The Supplemental Rules for Certain Admiralty and Maritime Claims specifically apply to the federal forfeiture proceedings at issue in this case pursuant to 21 U.S.C. § 881(b) and 18 U.S.C. § 981(d). Rule C(6) of the Supplemental Rules, which governs actions *in rem*, requires the filing of a verified claim to the *res* subject to forfeiture prior to the filing of any answer to a forfeiture complaint.[3] A verified claim in a forfeiture ac-

---

3. Rule C(6) provides, in pertinent part that,
The claimant of property that is the subject of an action *in rem* shall file a claim within 10 days after process has been executed, or within

such additional time as may be allowed by the court, and shall serve an answer within 20 days after the filing of the claim. The claim shall be verified on oath or solemn affirmation,

tion *in rem* must be filed by the claimant in order for the claimant to acquire "statutory standing." [4] Therefore, a claimant wishing to defend all or part of a defendant property in a civil forfeiture case must satisfy Supplemental Rule C(6)'s verified claim requirement.[5]

The Supplemental Rules C(3) and (6), 28 U.S.C.A., set out the procedural and timing requirements for filing a verified claim. Rule C(6) allows ten days from execution of process or within such additional time as may be allowed by the court. Rule C(3) provides for the issuance of an arrest warrant for the subject matter property. The process is considered executed once a warrant is served on the property.[6]

■ In this case, process was served on July 6, 1995. Claimant did not attempt to file a verified claim with this court until August 8, 1995, almost one month after the appropriate date. Courts generally bar claimants from proceeding if answers precede verified claims and have deemed it appropriate to strike an answer when no verified claim has been filed on a timely basis.[7]

Claimants in forfeiture proceedings are to strictly comply with Rule C(6) in presenting their claims to the court.[8] "Courts have taken a severe stance against a claimant who has not properly perfected his claim in a forfeiture proceeding in a timely manner." [9] Moreover, "verification is an essential and necessary element of any claim." [10] Thus, it is proper for a court to strike the answer filed by a claimant when no verified claim has been timely filed.

■ However, as the decision to strike is within the discretion of the court, there are various factors that the court should consider in making such a determination. These factors include the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the court and the government of its interest in the defendant property before the claim deadline; whether the government would be prejudiced by allowing the late filing; the sufficiency of the answer in meeting the basic requirements of the

and shall state the interest in the property by virtue of which the claimant demands restitution and the right to defend the action. If the claim is made on behalf of the person entitled to possession by an agent, bailee, or attorney, it shall state that he is duly authorized to make the claim.

4. *See* D. Smith, *Prosecution and Defense of Forfeiture Cases*, Volume I, § 9.58 (1995) (internal citations omitted).

5. *See United States v. One Assortment of Eighty–Nine Firearms*, 846 F.2d 24 (6th Cir.1988).

6. *United States v. $10,000 in United States Funds*, 863 F.Supp. 812 (S.D.Ill.1994), *aff'd*, 52 F.3d 329 (7th Cir.1995).

7. *United States v. United States Currency, etc.*, 754 F.2d 208, 213 (7th Cir.1985).

8. *United States v. Three Parcels of Real Property*, 43 F.3d 388, 391 (8th Cir.1994).

9. *United States v. $10,000 in United States Funds*, 863 F.Supp. 812, 814 (S.D.Ill.1994), *aff'd*, 52 F.3d 329 (7th Cir.1995). *See also United States v. One Hundred Four Thousand Six Hundred Seventy–Four Dollars ($104,674.00)*, 17 F.3d 267, 268 (8th Cir.1994) (*citing United States v. One Parcel of Property*, 959 F.2d 101, 104 (8th Cir.1992)) ("[i]t is not an abuse of discretion for the district

court to require strict compliance with Supplemental Rule C(6)); *United States v. $38,000.00 in United States Currency*, 816 F.2d 1538, 1547 (11th Cir.1987) ("Courts consistently have required claimants to follow the language of the Supplemental Rules to the letter."); *United States v. A Single Story Double Wide Trailer*, 727 F.Supp. 149, 152 (D.Del.1989) ("Only by filing a verified claim, in accordance with C(6), can a claimant demonstrate that he has sufficient interest in the seized item to satisfy standing requirement."); *United States v. $288,914 in United States Currency*, 722 F.Supp. 267, 270 (E.D.La. 1989) ("In order to have standing to challenge a forfeiture, a claimant must strictly comply with the pleading requirements of Supplemental Rule C(6)."); *United States v. Premises Known as Lots 14, 15, 16, 19, 47 and 48, Etc.*, 682 F.Supp. 288, 289 (E.D.N.C.1987) ("filing of a proper claim in accordance with Rule C(6) is a *prerequisite* to the filing of an answer and is an essential element of a would-be claimant's standing to contest forfeiture."); *United States v. Parcel of Land Located at 19 Crossmeadow Rd.; United States v. One 1982 Jaguar XJ–6*, 686 F.Supp. 364, 367 (D.Mass.1988) ("[T]he current and apparently uniform stance taken by the federal judiciary is that Rule C(6) is to be applied strictly in forfeiture proceedings, subject to few exceptions").

10. *United States v. Beechcraft Queen Airplane*, 789 F.2d 627, 630 (8th Cir.1986).

verified claim; and whether the claimant timely petitioned for an enlargement of time.[11]

In the present case, the Rule C(6) ten day time limit lapsed without claimant taking any action to preserve the right now asserted. Claimant became aware of the seizure at the time of the seizure since the property was seized from her home. Nothing in the record suggests that the government encouraged the delay; rather it appears that the government encouraged compliance when it served claimant's counsel with the complaint and a copy of the Warrant of Arrest *in rem* on June 24, 1995. This document included information concerning the Rule C(6) verified claim requirement.

■ The reasons proffered by the claimant for the delay are that "when property is seized pursuant to the Federal Rules of Criminal Procedure, the [Supplemental Rules] are not to be used" and that since claimant has already filed a Petition for Remission or Mitigation at the administrative proceeding stage, which includes a procedure for indicating interest in the property, "it would make little sense to require that she repeat this action simply because the U.S. Attorney's Office has initiated condemnation proceedings by filing a complaint in the U.S. District Court." [12] It is clear that the Supplemental Rules for Certain Admiralty and Maritime Claims apply to this proceeding. Furthermore, the fact that claimant considers the verified claim requirement redundant, does not excuse her noncompliance with the applicable rules. Moreover, filing a claim of ownership at the administrative proceeding does not act to supplement or satisfy the Rule C(6) requirement.[13]

Clearly the government would be prejudiced by allowing the late filing of a verified claim. Specifically, as a result of claimant's failure to timely file a verified claim, the length and cost of litigation has increased for the government.[14] Additionally, the subject property continues to depreciate.[15] Furthermore, the answer filed in this case is not on oath or solemn affirmation. It neither states claimant's interest in the property nor that her attorney is duly authorized to make the claim on her behalf. Therefore, it does not meet the basic requirements of a verified claim, as set out in Rule C(6). Finally, claimant did not timely request for an enlargement of time to file the verified claim. If claimant needed additional time to file a claim, "Rule C(6) has a built in time extension which permits claimant's to petition the district court for further time to file a claim." [16]

**11.** *United States v. $10,000 in United States Funds*, 863 F.Supp. 812 (S.D.Ill.1994), *aff'd*, 52 F.3d 329 (7th Cir.1995).

**12.** Claimant's Motion to Dismiss at p. 3.

**13.** *See United States v. United States Currency in the Amount of $2,857.00*, 754 F.2d 208 (7th Cir. 1985). In *United States Currency in the Amount of $2,857.00*, the court concluded that a verified claim filed with the Drug Enforcement Agency (DEA) during the course of the administrative forfeiture proceedings did not satisfy the verified claim requirement of Rule C(6) of the Supplemental Rules. *See also United States v. Beechcraft*, 789 F.2d at 630 (expressly rejecting a claimant's argument that a claim filed with the DEA should suffice to fulfill the requirements of Rule C(6)).

**14.** *See United States v. $10,000*, 863 F.Supp. at 815 (There the court held that, "[c]laimants should not be permitted to file their claims late when such a result will increase the length and time of costs of litigation to the Plaintiff."). Furthermore, unlike the present case, cases in which courts have allowed the untimely filing of verified claims have involved *pro se* claimants who made a good faith effort to file a timely claim, but were misled as to the manner, time or place for filing, or the civil forfeiture case was well into litigation when the defect in the filing requirements became an issue. *See, e.g., United States v. $175,918.00 in United States Currency*, 755 F.Supp. 630, 632–633 (S.D.N.Y.1991) and *United States v. One 1979 Mercedes 450 SE*, 651 F.Supp. 351, 355 (S.D.Fla.1987). In this case, claimant has been represented by an attorney throughout the proceedings and, at her counsel's request, the government, on September 12, 1995, attempted to serve claimant with the complaint.

**15.** Even if the government was not prejudiced, "[a]llowing a late filing whenever the government would not be prejudiced would subvert the strict time limits established by Supplemental Rule C(6) and encourage claimants to litigate every untimely filing in a forfeiture case." *United States v. Borromeo*, 945 F.2d 750, 755 (4th Cir.1991) (J. Wilkinson, concurring).

**16.** *United States v. One Dairy Farm*, 918 F.2d 310, 312 (1st Cir.1990).

Presently, there are no mitigating factors which could have affected claimant's ability to strictly comply with the Rule C(6) requirements. Mitigating factors that may relieve claimant from the timeliness obligation of Rule C(6), include, (1) a good faith attempt to file a timely claim; (2) detrimental reliance on misinformation from a government agency; and (3) the expenditure of considerable resources in preparing the case for trial.

In this case, claimant has failed to make a good faith attempt to file a timely claim. Claimant has not relied to her detriment on any misinformation from the government, rather, the government has provided relevant and accurate information. In fact, the government placed claimant on notice as the applicable rules. Finally, there is no evidence before the court suggesting that claimant has incurred significant expenditures in preparing the case for trial.

### C. Excusable Neglect and Mistake

Claimant asks this court to allow the late filing, as she claims that the delay is attributable to excusable neglect and mistake. Specifically, claimant believes that "her errors are excusable because the statutes governing forfeiture are far from transparent and they create an inexplicable, procedural redundancy by requiring ... a second claim of ownership to be submitted once a bond and claim is submitted" at the administrative proceeding.[17] However, the court does not consider ignorance of the rules where an attorney is involved excusable neglect.[18] Claimant has been represented by the same counsel at all relevant times. Claimant's counsel was aware, early on, of the present forfeiture action. Further, the government placed claimant's counsel on notice to the procedural steps that a putative claimant is required to follow in forfeiture proceedings. Claimant's counsel, however, consciously chose to pursue a different avenue: to first challenge the court's jurisdiction over the present action, rather than file a timely verified claim. Counsel for claimant, later conceded to misconstruing the applicable rules as they relate to forfeiture proceedings. However, counsel's "failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief ..."[19] Finally, claimant never sought an enlargement of time within which to file a verified claim. Therefore, the court concludes that counsel's conscious decision to pursue a given course of action; his ignorance of the applicable rules and his misinterpretation of the law is not excusable neglect or mistake.

### D. Delay of Forfeiture Proceedings

■ Lastly, claimant moves the court for a return of the defendant property on the basis that the government has unreasonably delayed pursuing the present forfeiture proceedings and thereby violated her constitutional right to due process.[20] This argument is based on the passage of eight months between the Federal Bureau of Investigation's November 3, 1994, referral of this claim to the United States Attorney's Office and the filing of the complaint on June 16, 1995. The court concludes that such a delay does not rise to the requisite level to consti-

17. Claimant's Supplemental Memorandum Supporting Her Opposition to Plaintiff's Motion to Strike at p. 3.

18. *United States v. One 1979 Mercedes 450SE,* 651 F.Supp. 351, 354 (S.D.Fla.1987) (In a *pro se* claimant, [ignorance of the rules of procedure] would constitute excusable neglect. In an attorney, it constitutes "unjustifiable negligence."); *see also Link v. Wabash Railroad,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962); *United States v. Tracts 10 & 11 of Lakeview Heights, TX,* 51 F.3d 117, 120 (8th Cir.1995) ("Procedural default is not excused because [claimants] initially proceeded pro se ... nor because [their attorney] may have misadvised them."); *Samuels v. Northern Telecom Inc.,* 942 F.2d 834, 837 n. 2 (2nd Cir.1991); and *United States v. Real Property Located at 165 Adelle Street,* 850 F.Supp. 534, 538 (S.D.Miss.1994) (*quoting Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir.1990), *cert. denied,* 510 U.S. 859, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993) ("[I]f the failure of the party ... is party's attorney, then it would be an abuse of discretion for the court to reopen the case ...").

19. *Nemaizer v. Baker,* 793 F.2d 58, 62 (2nd Cir. 1986).

20. Claimant's Opposition at p. 6.

tute a violation of claimant's constitutional rights.[21]

Accordingly, it is this 15 day of May, 1996,

**ORDERED** that claimant's Motion to Dismiss shall be and is hereby **denied,**

**FURTHER ORDERED** that plaintiff's Motion to Strike the Answer of Sherrie Stewart shall be and is hereby **granted,** and it is,

**ORDERED** that claimant's Motion for a Return of the Defendant Property be and is hereby denied.

**SO ORDERED.**

---

**21.** *See e.g., Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (concluding that a five-year delay was not unreasonable, even though only seven months were accounted for); *United States v. Forty–Seven Thousand Nine Hundred Eighty Dollars ($47,980) in Canadian Currency,* 804 F.2d 1085 (9th Cir.1986) (fourteen month delay permitted), *cert. denied,* 481 U.S. 1072, 107 S.Ct. 2469, 95 L.Ed.2d 878 (1987); *United States v. One 1954 Rolls Royce Silver Dawn,* 777 F.2d 1358 (9th Cir.1985) (delay of seven months); *United States v. Two Hundred Ninety–Five Ivory Carvings,* 726 F.2d 529 (9th Cir.1984) (delay of nineteen months); *United States v. Thirteen (13) Machine Guns & One (1) Silencer,* 726 F.2d 535 (9th Cir.1984) (delay of twenty-one months).