[Civ. No. 43606. Second Dist., Div. Two. Dec. 30, 1974.]

CORA WALKER, Plaintiff and Appellant, v.
HERBERT M. PORTER, Defendant and Respondent.

**COUNSEL**

Schermer & Rand and William J. Kropach for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

---

**OPINION**

**ROTH, P. J.**—Appellant, Cora Walker, appeals from a judgment of nonsuit in a malpractice action against respondent, Herbert M. Porter.

In the latter part of 1968 appellant lived in a rented house at 336 East 131st Street in the City of Los Angeles. The house was located on a small hill which sloped to the street. During this period considerable work was being done to install sidewalks on the street. Appellant's front steps leading to the street were removed as part of the construction work, and as a consequence appellant used the driveway as a means of ingress and egress from her house. On the evening of December 3, 1968, appellant,

en route to her neighbor's house to borrow a flashlight, walked down the driveway and fell into an unmarked trench of which she had no notice. As a consequence she injured her left knee, left leg and hit her head on a piece of concrete. After approximately one-half hour calling for help, a little boy came to her assistance and helped her out of the trench. She crawled into her living room; called her sister who in turn called an ambulance. Since the accident, she has not been able to work because of periodic swelling of her leg and muscle spasms.

Following the accident appellant contacted representatives of the City of Los Angeles and was told that the accident occurred in the county's area of responsibility. Thereafter she had a conversation with a representative from the county who told her that the accident was the contractor's fault and advised her to contact the contractor. She also talked to a representative of her landlord's insurance company who told her that the accident was the contractor's fault. The contractor advised her that the accident was the landlord's fault.

On January 22, 1969, appellant advised respondent of the facts as above outlined who told her she had a very good case and that he would sue the contractor, the landlord and the county. Respondent requested her to execute and she did execute a written retainer contract. Concurrently, respondent arranged for appellant to see, and she did call upon, two physicians in Beverly Hills about her injuries, and at the same time he also instructed her not to discuss the accident with anyone but to refer all inquiries to him. She followed his instructions.

Appellant did not hear from respondent. After a year had elapsed she called his office. Respondent told her he would pull her file and let her know the next day how her case was going. She called the next day and was informed by respondent's secretary "my case supposedly had been gone into over a year ago, and the girl he had working on the case—he had fired her, and therefore, [she] . . . had no case no more." She asked the secretary to have respondent call her. Respondent did not call or return any of her calls. When appellant called she was told to "quit calling down there." This action followed.

It appears from the record that scheduled depositions of respondent in respect of his handling of appellant's case were twice cancelled by him at the last minute, and when on the third occasion he failed to appear, the court in a proceeding thereafter found his failure to appear to be wilful and ordered him to pay attorney's fees in the sum of $100 and costs of

$35 and to appear for a deposition within 60 days. It also appears that when a mandatory settlement conference was scheduled respondent failed to appear and the court imposed sanctions on him personally in the amount of $250. On the presentation of the evidence heretofore cryptically set forth, the trial court granted a nonsuit based upon the rationale that appellant had not shown who, as between the landlord, contractor and County, would be liable.

■ Respondent has not filed a brief. Rule 17(b) of the California Rules of Court is therefor applicable to this appeal. Our courts have differed in the application of this rule. Some take a strict view and hold that the failure to file a brief was in effect a consent to a reversal (*Grand* v. *Griesinger* (1958) 160 Cal.App.2d 397 [325 P.2d 475]), or was in effect an abandonment of any attempt to support the judgment. (*Roth* v. *Keene* (1967) 256 Cal.App.2d 725 [64 Cal.Rptr. 399].) Other courts have taken the position that the failure to file a brief does not require an automatic reversal since the burden is always on the appellant to show error. (*Perfection Paint Products* v. *Johnson* (1958) 164 Cal.App.2d 739 [330 P.2d 829]; *Kriegler* v. *Eichler Homes, Inc.* (1969) 269 Cal.App.2d 224 [74 Cal.Rptr. 749].) We think the better rule is to examine the record on the basis of appellant's brief and to reverse only if prejudicial error is found. (*Baldwin* v. *Baldwin* (1944) 67 Cal.App.2d 175 [153 P.2d 567]; *Jarvis* v. *O'Brien* (1957) 147 Cal.App.2d 758 [305 P.2d 961].)

■ At bench we review a judgment of nonsuit. In such circumstances it is settled that we must: accept appellant's evidence; indulge in every favorable inference that can be drawn therefrom on behalf of appellant; and disregard conflicting evidence. (*Connor* v. *Great Western Sav. & Loan Assn.* (1968) 69 Cal.2d 850, 857 [73 Cal.Rptr. 369, 447 P.2d 609, 39 A.L.R.3d 224]; *Raber* v. *Tumin* (1951) 36 Cal.2d 654, 656 [226 P.2d 574].) Since the motion was granted on the single ground of failure to show who was ultimately responsible, we need not examine other grounds that could have been corrected had they been called to appellant's attention. (*Lawless* v. *Calaway* (1944) 24 Cal.2d 81, 94 [147 P.2d 604].)

■ . The record makes clear that the trial court granted the nonsuit because appellant had not proved which one of the three parties, the county, the landlord, or the contractor, was at fault, and therefore she had not met her burden of proof.[1] The burden on appellant, it is true,

---

[1]The trial court at one point indicated that appellant also had to show that she had actually sued the three parties after she had learned of respondent's failure to sue on her behalf and that the affirmative defense of the statute of limitations had been raised. There is no such requirement. (See, e.g., *Hege* v. *Worthington, Park & Worthington* (1962) 209 Cal.App.2d 670, 676 [26 Cal.Rptr. 132]; *Lally* v. *Kuster* (1918) 177 Cal. 783, 791 [171 P. 961].)

was a heavy one; she not only had to prove that her original cause of action was meritorious, but in addition that through the negligent actions of respondent that cause of action had been lost. (*Budd* v. *Nixen* (1971) 6 Cal.3d 195, 200 [98 Cal.Rptr. 849, 491 P.2d 433].) Thus, she had to prove two actions of negligence. As to the first, the underlying facts surrounding the accident followed by her conference with respondent proved, in our opinion, a prima facie case that one or more of the three potential defendants involved was legally responsible for the accident; for the second cause of action, respondent's negligence permitting the statute of limitations to run presented her with a prima facie case.

The trial court, relying upon *Campbell* v. *Magana* (1960) 184 Cal.App.2d 751 [8 Cal.Rptr. 32], erroneously imposed upon appellant the further burden of showing precisely which one of the three was the negligent party. Appellant was not required to meet this additional burden. It might be that all three or one or two of the three were responsible. In *Campbell* the court said at page 754: "[O]ne who establishes malpractice on the part of his attorney in prosecuting . . . a lawsuit must also prove that careful management of it would have resulted in recovery of a favorable judgment . . . ." Appellant made the requisite showing in such a manner as to justify the presentation of the case to the jury. (*Golceff* v. *Sugarman* (1950) 36 Cal.2d 152 [222 P.2d 665].)

*Campbell* (p. 754) also holds that in an action such as the one at bench appellant must prove that if a judgment had been obtained in an action against the three potential defendants, or any of them, it would have been collectible. This point was neither raised in or argued in the trial court and, as already stated, the sole ground for granting the nonsuit was the one herein specifically discussed, which is the only ground which this court is required to consider. (*Lawless* v. *Calaway* (1944) 24 Cal.2d 81, 94 [147 P.2d 604].) In passing, we note that appellant alleged collectibility in her complaint.[2] She should be given the opportunity to prove it. Implicitly it appears from the bare allegation that county is solvent; county would be assumed to do business with a solvent contractor and, even as to appellant's landlord, a complexion of some solvency is suggested.

The judgment of nonsuit is reversed.

Fleming, J., and Compton, J., concurred.

---

[2]Appellant alleged in pertinent part: ". . . plaintiff could have settled her case or obtained a judgment and collected same against those parties that caused her injuries and damages in the amount of $100,000.00."