Opinion
FAINER, P. J.
Plaintiff obtained an unlawful detainer judgment against defendants, who had filed and served their answer to the complaint but were not present on the day of trial. The judgment, made and entered on October 16, 1979, gave plaintiff restitution and possession of the rented premises, damages in the sum of $1,187.50, attorney fees in the sum of $250 and $25.40 costs. Defendants, who were not in possession of the premises at the time of this appeal, did not learn of the judgment until the wages of one of them were levied on, pursuant to a writ of execution on February 29, 1980. Defendants filed and served a claim of exemption on March 5, 1980. Plaintiff filed a notice of opposition to the claim of exemption on March 20, 1980. A notice of motion for an order determining the claim of exemption was filed the same day and the matter set for hearing on March 25, 1980.
In the meantime, defendants filed a motion for an order “setting aside default judgment” contending that they had never been served with, and had not received, a notice of trial for the October 16, 1979, *Supp. 6 trial. The declaration supporting this motion states defendant had moved from the rental premises on September 1, 1979, and had received no mail which was or might have been addressed to said premises during the entire month of September and most of the month of October 1979. We infer from this declaration that the defendants are claiming that they did not receive notice of trial setting for October 16, 1979, which had been mailed.
The motion to set aside the judgment was set for hearing on April 1, 1979. When the trial judge learned of this fact, he continued the claim of exemption hearing to that date. On April 1, 1979, after an evidentiary hearing, the trial judge denied the motion to vacate the judgment and the defendants’ claim of exemption. Defendants appeal from both of these orders.
Code of Civil Procedure section 594, subdivision (a) provides in part that plaintiff may have a judgment “.. . provided, however, if the issue to be tried is an issue of fact, proof shall first be made to the satisfaction of the court that the adverse party had ... five days notice of such trial in an unlawful detainer action.... ” Subdivision (b) of said code section provides that the clerk of the court shall serve by mail the notice of trial not less than 10 days prior to the date set for trial in an unlawful detainer action.
The clerk’s notice may be proved by introduction into evidence of the clerk’s certificate of mailing made pursuant to the provisions of Code of Civil Procedure section 1013a, subdivision (3). There were issues of fact to be tried in the unlawful detainer action, so that Code of Civil Procedure section 594, subdivision (a), was applicable. The clerk’s certificate of mailing, which is a part of the record on appeal, shows that the notice of trial was mailed to defendants on October 2, 1979, at the address of the rental premises.
This certificate of mailing, apparently received in evidence, is a part of the municipal court file. It appears to be sufficient to create a presumption under Evidence Code section 641 that defendants received the notice of trial. This presumption was sufficient proof for the trial judge to give a judgment when defendants failed to be present on the day of trial because it provided uncontroverted proof that defendants had the required notice of trial. The presumption, however, is one affecting the burden of producing evidence and when the defendants, by their declaration in support of their motion to set aside the judgment, stated that *Supp. 7 they received no mail addressed to them at the rental premises during most of the month of October 1979, the presumed fact that the notice of trial was received disappeared (Evid. Code, § 604). It is important to note, however, that Evidence Code section 604 does not prevent the trial court from drawing any inference that may be appropriate.[1]
At the hearing on the motion to set aside the judgment, the trial court had the declarations of the defendants that they had vacated the premises on September 1, 1979, that they had returned the key to the plaintiff’s lawyers, that they had received no mail addressed to them at the premises during September and most of October 1979, that they had been informed by the post office that all mail addressed to them at the rental premises was returned to the sender, and that the defendants first learned of the judgment when the wages of one of them was levied on in February of the following year. The evidence in opposition to defendants’ position consisted of oral testimony that the keys were not returned, that a T-Bird automobile was seen in the driveway of the premises on October 16, 1979, and that defendants drive a T-Bird automobile. In addition, the municipal court file reflected that the answer to the unlawful detainer complaint gave defendants’ address as the rental premises and no change of address had been filed by these pro. per. defendants prior to the time that notice of trial was mailed to defendants at the address of the rental premises. The record on appeal also shows that all documents filed by these pro. per. defendants prior to the filing of their motions to vacate the judgment in 1980 gave as their address of record, the address of the rental premises.
While there was no presumed fact that the defendants did receive the notice of trial mailed to the address of the rental premises because the defendants deny receiving it, the trial court could reasonably draw an inference from the above mentioned facts that the defendants still resided at that address and did receive notice of trial. This is in effect what the trial court did find in denying defendants’ motion to vacate the judgment after the trial of October 16, 1979. (See Jefferson, Cal. Evidence Benchbook (1972) Presumptions, § 46.3, pp. 805-806.)
*Supp. 8 Code of Civil Procedure section 1013, subdivision (a), dealing with service by mail, provides that the mail is to be addressed at the address last given by the addressee on any document which he has filed in the cause. Our Supreme Court in Reynolds v. Reynolds (1943) 21 Cal.2d 580, 584 [134 P.2d 251] held that it was the burden of a defendant to either keep an attorney of record or to make arrangements with the clerk for notice of proceedings. When a defendant has no attorney of record, the clerk of the court becomes his agent for the purposes of service. The person to be served under the provisions of both sections 1013, subdivision (a) and 594, subdivisions (a) and (b) of the Code of Civil Procedure, has the burden of notifying the court of any change of address; the failure to do so does not enable him to claim improper notice. (Bethlahmy v. Customcraft Industries, Inc. (1961) 192 Cal. App.2d 308, 310 [13 Cal.Rptr. 310].)
The fact that the defendants had no lawyer representing them and were appearing in propria persona does not entitle them to any different treatment in regard to their duty to notify the court when they change their address. “A lay person, who is not indigent, and who exercises the privilege of trying his own case must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.” (Taylor v. Bell (1971) 21 Cal.App.3d 1002, 1009 [98 Cal.Rptr. 855].)
In light of the above discussion, we must conclude from the facts presented to the trial court that it did not abuse its discretion in denying defendants’ motion to vacate the judgment. The trial court was correct in drawing an inference that the defendants received the mailed notice of trial at the address of the rental premises.
We turn to defendants’ next contention that the opposition to their claim of exemption was not filed timely; that the hearing date was improperly set and that the court erred in denying their claim of exemption.
A claim of exemption is made by the debtor by filing an original and one copy of the claim of exemption and a financial statement. (Code Civ. Proc. § 723.105, subd. (f).) Upon receipt of the debtor’s documents, the levying officer must send copies of them to the creditor. The judgment creditor who wishes to contest the claim of exemption must file a notice of opposition (with the levying officer) and a notice of motion for an order determining the claim of exemption by a hearing (with *Supp. 9 the court) within 10 days after the levying officer mails the debtor’s notice of claim of exemption, subdivisions (d) and (e).
If the notices are not filed or are not timely filed, the levying officer must serve on the employer a notice terminating the order to hold the debtor’s earnings or, if the claim of exemption lists an amount the judgment debtor believes should be withheld pursuant to the order (see Code Civ. Proc., § 723.123), the levying officer will serve on the employer a modified order in the amount indicated in the claim of exemption. (Subd. (f).)
If the notice of opposition to the claim of exemption and the notice of motion for an order determining the claim of exemption are timely filed, the hearing is to be held within 20 days from the filing of the notice of motion unless continued by the court for good cause. (Subd. (e).)
Applying these procedures to our present case, the defendants, as judgment debtors filed their claim of exemption on March 5, 1980. The levying officer mailed copies to the judgment creditor on March 6, 1980. The judgment creditor then filed notices of opposition and for a motion to determine the claim of exemption on March 20, 1980. Such notices were not timely filed.
The time periods under both Code of Civil Procedure section 690.50 (dealing with claim of exemption procedures for property other than wages) and section 723.105 (claim of exemption procedures for employees’ earnings) are not extended an additional period under the provisions of Code of Civil Procedures section 1013, subdivision (a) when the documents are served by mail, whether by one of the parties or by the sheriff or other levying officer or by the clerk. See California Law Revision Commissioner’s comments to section 723.105 to the effect that the specific time provisions of the claim of exemption procedure statutes are intended to take precedence over the general provisions of Code of Civil Procedure section 1013. Early cases have held that the failure of a debtor to assert his claim of exemption within the time prescribed by the statute constitutes a waiver of such privilege. (See Boot v. Boyd (1918) 37 Cal.App. 545, 553-554 [174 P. 352].) Our research has not uncovered any case dealing with the right of the judgment creditor to seek relief under Code of Civil Procedure section 473 after the untimely filing of a notice of opposition to the claim of exemption, or of a notice of motion to determine the claim of exemption. It would seem, however, that the creditors’ rights to oppose the claim of *Supp. 10 exemption and to have a hearing on their opposition should also be waived for the failure to assert their statutory right of opposition within the time prescribed by statute. We, accordingly, now hold that the statutory procedure mandates the levying officer to release the wages or other property of the debtor when there is an untimely filing of the notice of opposition to the claim of exemption and if there is an untimely filing of either the notice of opposition to the claim of exemption or the notice of hearing, there can be no claim of exemption hearing.[2]
The trial court erred in holding the claim of exemption hearing and in denying defendants’ claim of exemption. This matter must be remanded to the trial court so that it can (1) vacate its erroneous order denying the claim of exemption, (2) deny the hearing on plaintiff’s opposition to defendants’ claim of exemption and (3) order the levying officer to release the wages or other property held pursuant to the writ of execution forthwith to defendants.
In conclusion, we point out that the proper disposition of this case was made complicated by the fact that the plaintiff failed to file a respondent’s brief as required by California Rules of Court, rule 105(a). We were compelled to carefully examine the record on appeal (Votaw Precision Tool Co. v. Air Canada (1976) 60 Cal.App.3d 52, 55 [131 Cal.Rptr. 335]; Walker v. Porter (1974) 44 Cal.App.3d 174, 177 [118 Cal.Rptr. 468]), and our examination discloses that defendants failed to meet their burden of demonstrating that there was no substantial evidence to support their challenge to the order denying defendants’ motion to set aside the judgment. (See Glendale Fed. Sav. & Loan Assn. v. Marina View Heights Dev. Co. (1977) 66 Cal.App.3d 101, 132 [135 Cal.Rptr. 802].) It was unnecessary, therefore, to have any input from the plaintiff, by a respondent’s brief, to reach a propér and just result as to that order. As to the order pertaining to the denial of *Supp. 11 defendants’ claim of exemption, the record on appeal was adequate to disclose a fatal procedural defect and it was unnecessary to have any input from plaintiff by a respondent’s brief as to that issue.
The order denying the motion to set aside the judgment is affirmed. The order denying defendants’ claim of exemption is reversed and this matter is remanded to the trial court with instructions for the trial court to proceed in a manner consistent with this opinion.
In the interest of justice, both parties are to bear their own costs on appeal.
Jones, J., and Bernstein, J., concurred.

 Section 604 provides: “The effect of a presumption affecting the burden of producing evidence is to require the trier of fact to assume the existence of the presumed fact unless and until evidence is introduced which would support a finding of its nonexistence, in which case the trier of fact shall determine the existence or nonexistence of the presumed fact from the evidence and without regard to the presumption. Nothing in this section shall be construed to prevent the drawing of any inference that may be appropriate.”

 Nothing in the language of Code of Civil Procedure sections 690.50 or 723.105 or of this opinion are to be construed as preventing a judgment debtor or judgment creditor from seeking relief under the provisions of Code of Civil Procedure section 473 because of a late filing of any notice provided in the claim of exemption procedures or because of an improperly set hearing date. Nothing in this opinion is to be construed as limiting the trial court in reconsidering its ruling or order after a claim of delivery hearing under the provisions of Code of Civil Procedure section 1008 or pursuant to the Employees’ Earnings Protection Law of 1978 (see in particular the claim by exemption procedure set forth in Code Civ. Proc., §§ 723.100 to 723.1Ó7). If the judgment creditor files his notices untimely, the levying officer will release the property held so a motion under Code of Civil Procedure section 473 will ordinarily be too late to prevent a release order by the levying officer.