UNITED STATES of America,
Plaintiff,

v.

$50,200 IN UNITED STATES CURREN-
CY, $3,250 Cashier's Check, $5,000 in
Western Union Money Orders, $23,988
in United States Currency, $14,000
Cashier's Check, Defendants.

No. 99–CV–178J.

United States District Court,
D. Wyoming.

Dec. 3, 1999.

Thomas D Roberts, U.S. Attorney's Of-
fice, Cheyenne, WY, for United States of
America, plaintiff.

Corinne A Miller, Casper, WY, for Glen
Wayt, Heather Urbigkit, claimants.

**ORDER GRANTING PLAINTIFF'S
"MOTION TO STRIKE ANSWER
OF CLAIMANTS AND FOR JUDG-
MENT ON THE PLEADINGS"
AND ORDER DENYING CLAIM-
ANTS' "MOTION FOR ENLARGE-
MENT OF TIME TO FILE NO-
TICE OF CLAIM AND ANSWER
OR IN THE ALTERNATIVE MO-
TION TO AMEND AND SUPPLE-
MENT THE PLEADINGS"**

ALAN B. JOHNSON, Chief Judge.

The plaintiff's "Motion to Strike Answer
of Claimants and for Judgment on the
Pleadings," and the "Motion for Enlarge-
ment of Time to File Notice of Claim and
Answer or in the Alternative Motion to
Amend and Supplement the Pleadings"
filed by claimants Glen Wayt and Heather
Urbigkit came before the Court for hear-
ing November 18, 1999. Counsel for the
plaintiff and claimants appeared and pre-
sented their respective arguments to the
Court at the hearing. The Court, having
reviewed the pending motions, the plead-
ings of record, the applicable law, and
being fully advised, FINDS and ORDERS
as follows:

## Background

In this civil forfeiture action, the government requests that the Court strike the "Answer to Verified Complaint for Forfeiture in Rem" filed by claimants Glen Wayt and Heather Urbigkit· on September 17, 1999.

The defendant property was seized in Casper, Wyoming by the DEA on March 11, 1999. Wayt and Urbigkit submitted claims for the property with DEA on June 1, 1999. At the same time, they submitted petitions for remission or mitigation to the DEA.

The Verified Complaint for Forfeiture in Rem was filed in the district court August 26, 1999. The Court issued its order for arrest of property in rem August 27, 1999. A warrant of arrest in rem issued on August 30, 1999 and was executed on September 7, 1999 in Cheyenne, Wyoming where the defendant property is located.

The U.S. Marshal, by notice of publication of forfeiture action and arrest of property dated September 13, 1999, published September 16, 23, 30, 1999 and October 7, 1999 in the Casper Star Tribune, gave notice pursuant to Rule E(4)(b), Supplemental Rules for Certain Admiralty and Maritime Claims, of the arrest of the defendant property. Notice of forfeiture and arrest of property was also served by certified U.S. mail on claimants and counsel, Corinne Miller, by the office of the U.S. Attorney September 8, 1999.

The notice of forfeiture and arrest of property in rem, at ¶ 4, notifies claimants and their counsel that Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, requires any claimant to the defendant property to file a verified claim with the Clerk of the Court within ten days after publication of notice or within ten days of actual notice, whichever occurs first. The notice also states Rule C(6) requires a claimant to file and serve an answer to the complaint within 20 days after filing a claim.

The claimants filed an answer to the verified complaint for forfeiture in rem on September 17, 1999. No verified claim was filed with the Court until November 2, 1999 for claimant Wayt and November 15, 1999, after the plaintiff filed its motion seeking to strike the answer claimants filed in September 1999.

As noted earlier, the plaintiff seeks to strike the claimants' unverified answer to the complaint. The plaintiff asserts a claim is required before a claimant may file an answer and defend on the merits. A putative claimant lacks standing if no claim is filed.

Notice of the forfeiture was served personally on both claimants and their counsel September 8, 1999. The verified claim(s) were thus due pursuant to Rule C(6) on or before September 24, 1999, allowing three days for service by mail and excluding holidays and weekends.

However, claimants did file claims on May 28, 1999 with DEA for each of the defendant properties. Claimants suggest that this filing may be a sufficient substitute for fulfilling the claim requirements of Rule C(6). Counsel for claimants states that she held the opinion that the filing of the "Claim of Ownership" with the DEA sufficiently fulfilled the claim requirements and that a duplicitous filing of claims was not necessary.

Claimants seek, by a separate entitled "Motion for Enlargement of Time to File Notice of Claim and Answer or in the Alternative, Motion to Amend and Supplement the Pleadings," an extension of time for filing a Claim of Ownership or permission to amend their verified answer and claim of ownership. Claimants contend that the Court may extend the time for filing a claim where the failure to act was the result of excusable neglect. Claimants assert the claim filed with the DEA and United States Attorney prior to commencement of this judicial forfeiture proceeding, asserted in their answer, and re-asserted orally at the initial pretrial conference with Magistrate Judge Beaman, constitutes "constructive notice that claimants asserted a claim to the property." Claimants' "Claim of Ownership" was filed

simultaneously with the motion filed November 2, 1999. [At the hearing, the Court was advised another Claim of Ownership had been filed November 15, 1999.] Claimants assert that no prejudice to the United States has resulted and that equity and fairness require the Court to treat their answer to the verified complaint as a claim, or extend the time to file a notice of claim, so that the case may be decided on the merits.

## Discussion

■ Claimants' arguments are not supported by persuasive authority that is consistent factually with the instant case. The Court believes that the authority cited by plaintiff is more representative of the greater weight of the authority and on all fours with the factual scenario that exists in this case. By way of example, plaintiff cites a Seventh Circuit case, *United States of America v. United States Currency in the Amount of $2,857.00,* 754 F.2d 208 (7th Cir.1985), as instructive authority. The case is nearly identical factually to the instant case and arguments substantially similar to those now raised by the claimants were considered. That court stated:

> There is no question that all of the Supplemental Rules of Civil Procedure apply to this judicial forfeiture proceeding[,] and that Raymer failed to file a verified claim to the currency in the district court as required by Supplemental Rule C(6). Raymer's argument that the claim he filed at the administrative level [DEA] should be deemed to fulfill the district court's claim requirement reflects **a basic misunderstanding of the relationship between an administrative summary forfeiture proceeding and a judicial forfeiture proceeding.** We therefore begin with a brief explanation of the relationship between the two proceedings.

### A. Summary Forfeiture

Prior to 1844, the only way the government could effect a forfeiture of goods it had seized was to promptly institute a suit for forfeiture.... This judicial forfeiture suit was tried in the district court as a proceeding in rem, in which all interested parties could intervene and contest the forfeiture.... By act of April 2, 1844, Congress enabled the government to utilize a summary forfeiture procedure in cases where the value of the property seized was $100 or less. Act of April 2, 1844, ch. 8, 5 Stat. 653. The purpose of the summary forfeiture procedure was to save the government the time and expense of a judicial condemnation proceeding in cases where the value of the property was small.... The jurisdictional limit, established at $100 in 1844, was $10,000 at the time of the seizure in this case. See 19 U.S.C. § 1607 (1982). [fn. 3. Congress has since raised this limit to $100,000.00. See Comprehensive Crime Control Act of 1984, Pub.L. No. 98–473, § 311, 98 Stat. 1837 (1984).][1]

A summary forfeiture proceeding takes place at the administrative level, and begins when the agency making the seizure publishes notice of the seizure for three successive weeks in a newspaper of general circulation in the judicial district in which the seizure occurred.... If no claim to the seized property is filed within twenty days from the date of the first publication of the notice of seizure, the agency declares the property forfeited.... The summary forfeiture proceeding is stopped, however, if any person filed a claim to the seized property within the twenty-day period, stating his interest therein, and deposits with the agency a $250 bond to the United States conditioned that if the property is condemned the obligor shall pay all costs and expenses of the condemnation proceeding.... Upon the filing of a claim and cost bond, the agency must forward all paperwork to the United States attorney for the district where the property was seized for the institution of judicial con-

1. The present jurisdictional limit is $500,-000.00. 19 U.S.C. § 1607.

demnation proceedings in the ordinary mode prescribed by law. . . .

In short, summary forfeiture is an administrative process that is available to the government only if the value of the property seized is less than the jurisdictional amount and if no claim to the property is filed within twenty days after the date of the first publication of the notice of seizure. The legal effect of an administrative claim and cost bond is solely to stop the summary forfeiture proceeding and force the government to institute judicial condemnation proceeding. An administrative claim does not give the claimant any rights in the judicial condemnation proceeding; it only insures that a judicial proceeding will take place before the property is forfeited. The claimant then has the opportunity, if he meets the district court's procedural requirements, to contest the forfeiture in court.

### B. Judicial Forfeiture

A judicial forfeiture proceeding is a civil action in rem. The United States attorney of the district where the seizure occurred commences a judicial forfeiture proceeding by filing a complaint as described in Supplemental Rule C(2). The complaint must describe with reasonable particularity the property that is the subject of the action, must state the place of seizure, and must contain any allegations required by the statute pursuant to which the action is brought. . . .

Upon the filing of a complaint, the clerk of the district court issues a warrant for the arrest of the property that is the subject of the action. . . . By order of the court, the plaintiff then must publish notice of the action and arrest in a newspaper of general circulation in the district. The notice must specify the time within which an answer is to be filed as provided by Rule C(6). . . .

Any claimant of property that is the subject of a judicial condemnation proceeding must file a claim within ten days after process has been executed or within such additional time as may be al-

lowed by the court, and must file an answer within twenty days after the filing of the claim. . . . The claim "shall be verified on oath or solemn affirmation, and shall state the interest of the property by virtue of which the claimant demands its restitution and the right to defend the action." . . . . Once the procedural requirements of Rule C(6) are met, a claimant has standing to defend the forfeiture.

754 F.2d at 211–213 (most citations and footnotes omitted).

As in this case, Raymer, the claimant in the case cited above, filed an answer but no claim. He argued the claim filed with the DEA fulfilled the requirements of Supplemental Rule C(6). The circuit court rejected this argument. The DEA claim was not verified on oath or solemn affirmation. The DEA claim preceded the execution of process under Rule C(3), whereas Rule C(6) requires a claim to be filed after process has been executed. 754 F.2d at 213. The claim requirement has important functions, including notifying the court that the claimant is entitled, by virtue of his sworn claim to the property, to join the action and be heard. That court also rejected the argument that the petition for remission should be deemed to have fulfilled Rule C(6) claim requirements. "A petition for remission or mitigation of forfeiture is a petition for administrative relief, not judicial relief." *Id.* at 214. The court refused to hold that the government waived any objection to the DEA claim as a sufficient claim by waiting until the time for filing a claim had expired.

The government undoubtedly knew from Raymer's answer and the claim which had been forwarded to it by the DEA that Raymer intended to join the action and contest the forfeiture. As an adverse party, however, it had no duty to advise Raymer of any shortcomings in his submissions so as to facilitate his tasks. The government did not take any steps to litigate this action before filing its motion for summary judgment

on the ground that no claims had been filed under Rule C(6), nor did it mislead the court or Raymer into believing it had no objection to his failure to file a valid claim. In short, the government did not waive any objection to Raymer's failure to file a proper claim under Rule C(6), as an essential element of his standing to contest this forfeiture.

*Id.* at 215.

A similar analysis was employed by the District of Columbia District Court in *United States v. Property Identified as $88,260.00 in United States Currency*, 925 F.Supp. 838 (D.D.C.1996). In that case also, no timely claim was filed by the claimant, although the claimant had been advised of the necessity of filing a verified claim and the procedural prerequisites were outlined in documents served on counsel for claimant by the government. The claimant did not file a claim and filed only an answer. Instead of seeking leave of court to file a claim pursuant to Rule C(6), the claimant filed a motion to dismiss arguing that court did not have subject matter jurisdiction. The government filed a motion to strike the answer based on the fact that no verified claim had been filed as required by Rule C(6). The District of Columbia District Court considered the claimant's argument that because he had already asserted ownership in a prior administrative proceeding, the filing of a verified claim would be redundant. The district court stated:

> A verified claim in a forfeiture action in rem must be filed by the claimant in order for the claimant to acquire "statutory standing." ... Therefore, a claimant wishing to defend all or part of a defendant property in a civil forfeiture case must satisfy Supplemental Rule C(6)'s verified claim requirements.

925 F.Supp. at 841 (footnote omitted). Further, citing numerous cases:

> The Supplemental Rules C(3) and (6), 28 U.S.C.A., set out the procedural and timing requirements for filing a verified claim. Rule C(6) allows ten days from execution of process or within such additional time as may be allowed by the court. Rule C(3) provides for the issuance of an arrest warrant for the subject matter property. The process is considered executed once a warrant is served on the property. . . .
>
> In this case, process was served on July 6, 1995. Claimant did not attempt to file a verified claim with this court until August 8, 1995, almost one month after the appropriate date. Courts generally bar claimants from proceeding if answers precede verified claims and have deemed it appropriate to strike an answer when no verified claim has been filed on a timely basis. . . . Claimants in forfeiture proceedings are to strictly comply with Rule C(6) in presenting their claims to the court. . . . "Courts have taken a severe stance against a claimant who has not properly perfected his claim in a forfeiture proceeding in a timely manner." ... Moreover, "verification is an essential and necessary element of any claim." ... Thus, it is proper for a court to strike the answer filed by a claimant when no verified claim has been timely filed.
>
> However, as the decision to strike is within the discretion of the court, there are various factors that the court should consider in making such a determination. These factors **include the time at which the claimant became aware of the seizure; whether the government encouraged the delay; the reasons proffered for the delay; whether the claimant has advised the court and the government of its interest in the defendant property before the claim deadline; whether the government would be prejudiced by allowing the late filing; the sufficiency of the answer in meeting the basic requirements of the verified claim; and whether the claimant timely petitioned for an enlargement of time.** . . .

925 F.Supp. at 841–842 (footnotes omitted and emphasis supplied).

In that District of Columbia case, the claimant argued that a late filing of a verified claim should be allowed, claiming that the delay was attributable to excusable neglect and mistake. The court stated:

> Specifically, claimant believes that "her errors are excusable because the statute governing forfeiture are far from transparent and they create an inexplicable, procedural redundancy by requiring . . . a second claim of ownership to be submitted once a bond and claim is submitted" at the administrative proceeding. . . . However, the court does not consider ignorance of the rules where an attorney is involved excusable neglect. . . . Claimant has been represented by the same counsel at all relevant times. Claimant's counsel was aware, early on, of the present forfeiture action. Further, the government placed claimant's counsel on notice to the procedural steps that a putative claimant is required to follow in forfeiture proceedings. Claimant's counsel, however, consciously chose to pursue a different avenue: to first challenge the court's jurisdiction over the present action, rather than file a timely verified claim. Counsel for claimant later conceded to misconstruing the applicable rules as they relate to forfeiture proceedings. However, counsel's "failure to evaluate carefully the legal consequences of a chosen course of action provides no basis for relief . . ." . . . Finally, claimant never sought an enlargement of time within which to file a verified claim. Therefore, the court concludes that counsel's conscious decision to pursue a given course of action; his ignorance of the applicable rules and his misinterpretation of the law is not excusable neglect or mistake.

925 F.Supp. at 842–843 (footnotes omitted). See also *United States v. One (1) 1979 Mercedes 450SE Vehicle ID No. 116032–12–081839 License No. MKS 706,* 651 F.Supp. 351 (S.D.Fla.1987) ("Because claimant's attorney has never proffered one reason for the filing of a certified answer rather than a timely verified claim, the court is constrained to conclude that ignorance of the rules of procedure was the cause. In a pro se claimant, this would constitute excusable neglect. In an attorney, it constitutes unjustifiable negligence.").

In this case, the government has the more well-supported and persuasive position. The claimants failed to file a timely verified claim, although advised to do so, and instead filed an answer. The administrative claim serves a purpose separate and apart from the claim filed in a judicial proceeding. Further, the claimants' motion for enlargement of time to file notice of claim and answer or in the alternative motion to amend and supplement the pleadings should be denied. The reason given for the request is basically one of excusable neglect, which is not a sufficient explanation for the failure to file a timely verified claim as required by Supplemental Rule C(6).

In making its decision, the Court did consider the authority cited by the claimants and finds that authority to be readily distinguishable. In the cases cited, claims had been filed but for one reason or another were not technically compliant with the requirements of the Supplemental Rules. For example, in *United States v. One 1987 27 Foot Boston Whaler,* 808 F.Supp. 382 (D.N.J.1992), the claimant filed claims after being served with the government's verified complaint and notice of forfeiture. A verified answer was also filed. In that case, the government sought to strike the claims based on the failure to file claims within the time and in the form required by the Supplemental Rules. The district court denied the motion, finding that a claim, although technically defective, had been filed. Similarly, *United States v. U.S. Currency in the amount of $103,387.27,* 863 F.2d 555 (7th Cir.1988), involved an unverified claim that had been filed. It was not a case where no claim had been filed. Additionally, the instant case is not one where a verified answer was filed which supplied all of the informa-

tion required by Rule C(6), as in *United States v. One Urban Lot Located at 1 Street A–1, Valparaiso, Bayamon, Puerto Rico,* 885 F.2d 994 (1st Cir.1989).

It appears to this Court in its review of the case authority that the majority of courts that have considered these issues require strict compliance with all of the provisions of Supplemental Rule C. " 'In order to have standing to challenge a forfeiture proceeding, a claimant must strictly comply with the pleadings requirements of Supplemental Rule C(6).' " *United States v. One Parcel of Real Property Located at Route 2, Box 293, Lena, Mississippi,* 46 F.Supp.2d 572, 581 (S.D.Miss.1998), quoting *United States v. $288,914 in United States Currency,* 722 F.Supp. 267, 270 (E.D.La.1989). See also *United States v. Currency $267,961.07,* 916 F.2d 1104, 1108 (6th Cir.1990)

■ A court does have discretion to extend the time within which a claimant must file a claim. *United States v. 51 Pieces of Real Property, Roswell, New Mexico,* 17 F.3d 1306, 1318 (10th Cir.1994). This discretion is not "unbounded." *Id.,* quoting *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432, 1436 (9th Cir.1985).

> The court should exercise its discretion to allow a late claim only if "the goals underlying the time restriction and the verification requirements are not thwarted." *Id.*
>
> The purpose of the time restriction in Supplemental Rule C(6) is "to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay." ... The purpose of the verification requirement is to prevent false claims.... The government commenced this civil forfeiture action in July 1991. Nitsua did not attempt to file a claim or otherwise assert any claim of ownership to the property until almost a year later, after the government had moved for default. Permitting a late filing under these circumstances would not further the goal of

Supplemental Rule C(6)'s time requirements.

> Moreover, the equities do not favor granting Nitsua additional time. See *United States v. Borromeo,* 945 F.2d 750, 753 (4th Cir.1991) (noting that "whether a particular claimant's circumstances constitute 'excusable neglect' ... is equity-ridden" and discussing factors courts have considered when balancing the equities). We have determined that notice to Nitsua was good, and counsel for Nitsua admitted that at least one of Nitsua's principals was aware of the seizure and the forfeiture proceedings "not long after [they] occurred." ... Nonetheless, Nitsua did not attempt to assert an interest in the property until almost a year after the forfeiture proceedings were commenced. Nitsua has neither suggested nor established that the government either encouraged the delay or misguided Nitsua in any way. Finally, and perhaps most significantly, Nitsua's counsel indicated that although Nitsua knew about the forfeiture proceedings, it purposely waited until after the criminal proceedings were concluded before filing a claim so as not to become entangled in the criminal action.... Under the circumstances, the district court did not abuse its discretion in refusing to grant Nitsua additional time in which to file a claim and answer....

17 F.3d at 1318–1319 (footnotes and citations omitted).

In *United States v. 1982 Yukon Delta Houseboat,* 774 F.2d 1432 (9th Cir.1985), cited and relied upon by the Tenth Circuit, the court stated:

> Although the discretion to grant additional time would normally be exercised at or shortly after the time process is executed, ... nothing in the rule imposes a time limit on the exercise of that discretion. Of course, the court's discretion is not unbounded. It should only exercise its discretion to grant additional time where the goals underlying the

time restriction and the verification requirement are not thwarted.

The purpose of the time limit is to force claimants to come forward as soon as possible after forfeiture proceedings have been initiated so that all interested parties can be heard and the dispute resolved without delay. Claimants ... came forward and announced their interest in the condominium by filing an answer to the government's complaint that identified themselves as owners of the condominium and admitted the government's allegation that they were the purchasers of the condominium. Both the district court and the government were therefore fully aware of their claim to ownership.

Discovery was conducted and the district court even set the date for trial. For over a year, everything had proceeded in the same manner as it would have had claimants properly filed a verified claim. There is thus no policy reason to prevent the case from further proceeding provided claimants do file a verified claim. In this case, the goals behind the time restriction would not be defeated by allowing the late filing.

We do not minimize the significance of the requirement that a claim be verified on oath or solemn affirmation. We have recognized that the danger of false claims is substantial.... However, where a claimant has made known **to the court** and the government his interest in the subject property (in this case, by filing an answer asserting ownership of the property) before the deadline set for the filing of a proper claim has passed, ... the policy interest underlying the requirement of a timely verified claim would not be injured by allowing the claimant to perfect his claim by subsequent verification. We agree that "amendments should be liberally permitted to add verifications to claims originally lacking them." ...

Of course, the government should not be required to proceed to trial with a case where no claimant files a timely verified claim. If a claimant does timely come forward, but fails to verify his or her claim, the government can move the court to have the property forfeited for lack of a verified claimant. Presumably, the claimant could then ask the court to exercise its discretion to allow late filing of a verified claim. Here, however, the government did not take such action and instead treated the claimants as the owners and proceeded with the case in preparation for trial for over a year. Under these circumstances the government would certainly not be prejudiced by a court order allowing the claimants to file a verified claim at this time.... Here, the absence of a verification was even less significant because at no time during the entire proceeding did any party to the dispute doubt the claimants' ownership of the condominium....

The only factor weighing against permitting a late filing is the fact that the claimants were fully aware of the forfeiture proceeding against their condominium and were served with papers directing any interested party to file a verified claim by August 9, 1982. They thus had notice of the need to file a timely verified claim, but they chose to file only an answer.... However, because the district court considered only this factor, it failed to take into account the other countervailing factors discussed above.

774 F.2d at 1436 (footnotes and citations omitted; emphasis supplied).

The First Circuit, in *United States v. One Dairy Farm*, 918 F.2d 310 (1st Cir. 1990), considered the effect of a claimant's failure to file a timely claim and discussed when a claimant may be relieved of consequences of the failure to file a timely claim. After recognizing that the filing of a claim is a prerequisite to the right to file an answer and defend on the merits, the First Circuit stated that a party who fails to file a claim normally lacks standing to contest a forfeiture. 918 F.2d at 311. Because the district court had determined that the claimants lacked standing since they failed to file a timely claim or answer, the claim-

ants argued that they should be relieved of the "harsh consequences emanating from their failure to file a timely claim and answer." *Id.* Claimants cited various cases so relieving claimants of the consequences of an untimely filed claim. However, the circuit court noted:

> Appellants' reliance on these cases is misplaced. They involved some mitigating factor which militated against strictly adhering to the ten day claim requirement of Rule C(6). The respective courts excused the late filing or extended the time for filing the claim because either a claimant in good faith had attempted to file a claim on time, ... or had relied detrimentally on misinformation from a governmental agency, ... or had expended considerable resources preparing the case for trial....
>
> The instant case does not present any of the mitigating factors which would warrant relieving appellants of the consequences of their own inaction. Appellants here neither attempted to file a claim on time, relied on misinformation from a governmental agency, nor expended considerable resources in preparation for trial....

918 F.2d at 312. Further:

> While some courts have relieved claimants of the harsh results of technical noncompliance with the filing requirements of Rule C(6), those holdings should not be construed as granting claimants a license to ignore completely the statutory requirements. If appellants needed additional time to file a claim, Rule C(6) has a built-in time extension which permits claimants to petition the district court for further time to file a claim. In view of this, we find no merit in appellants' argument.
>
> Since appellants failed to file a claim within the time prescribed by Rule C(6), they lacked standing to contest the forfeitures.... We hold that the district court did not abuse its discretion in dismissing appellants' claims. Our holding is in accord with the holdings of numerous other courts which have required strict adherence to Rule C(6)....

While not cited by appellants, we are mindful of our holding in *United States v. One Urban Lot Located at 1 Street A–1*, 885 F.2d 994, 999 (1st Cir.1989) (Brown, J.). Our holding there, however, would not require a different result in the instant case. In *One Urban Lot*, the district court entered a default judgment against all persons who claimed an interest in two separate parcels of land because they failed to satisfy the requirements of Rule C(6). The claimants moved the district court to vacate the default judgments. Their motions were denied. On appeal, we held that appellants who claimed an interest in the first parcel of land were not entitled to relief from the default judgment.... Appellants' failure to file a claim or answer was critical to our holding: "[w]hatever sympathy the positions of [appellants] might generate, sympathy alone does not suffice to require the district judge to disregard their complete failure to abide by the command of Supp.Rule C(6) to file a verified claim or answer." ...

> By contrast, we found the circumstances surrounding appellant's claim to the second parcel of land sufficiently dissimilar to warrant vacating the district court's default judgment.... Although appellants who claimed an interest in the second parcel of land also failed to file a claim, they did file a timely verified answer. We held that "where the claimant timely filed a verified answer containing all the information required in the claim, the answer may be deemed to have fulfilled the function of a claim in terms of establishing the owner's standing." ....

918 F.2d at 312–313 (citations omitted). See also *United States v. One (1) 1979 Mercedes 450SE Vehicle ID No. 116032–12-081839 License No. MKS 706*, 651 F.Supp. 351, 353 (S.D.Fla.1987) (court permitted late filing of verified claim, exercising discretion to extend time for filing verified claim considering factors including: time at which the claimant because aware of the seizure, whether the Govern-

ment encouraged the delay, the reasons proffered for the delay, whether the claimant had advised the court and the Government of his interest in defendant before the claim deadline, whether the Government would be prejudiced by allowing the late filing, the sufficiency of the answer in meeting the basic requirements of a verified claim, and whether the claimant timely petitioned for enlargement of time).

The Court has considered the factors that courts are advised to consider in determining whether a claimant has standing to contest a forfeiture when no timely claim has been filed. In this case, claimants became aware of the seizure in March of 1999. It appears that they were at all times represented by counsel. There is no evidence in the record before the Court to suggest that the government did anything whatsoever to encourage the delay in filing a timely claim with the Court in this judicial forfeiture proceeding. The only reasons offered for the delay in filing the claim were those related to counsel's misunderstanding of the relationship of administrative forfeiture proceedings and the instant judicial forfeiture proceedings and her erroneous belief that filing a claim with the DEA was sufficient. This, however, does not constitute excusable neglect which would constitute sufficient cause for enlarging the time period for filing a claim. The Court was not advised of the claims of the two claimants until after the government filed its motion to strike the answer and for judgment on the pleadings and when the claimants submitted their responses in opposition to the motion. There is no reason to believe that if an extension would be granted for filing a late claim that the government would suffer any prejudice. This case is in its earliest stages and very little discovery has taken place. The government has requested production of documents and information pertaining to the claims of ownership submitted by Glen Roy Wayt and Heather Urbigkit. The parties have spent little time and money litigating the case. Further, the assets at issue, here currency, money orders, and cashier's checks, are not wasting assets favoring especially prompt disposition of this forfeiture proceeding.

The Court has also reviewed the claimants' unverified answer carefully and finds it fails completely to satisfy the requirements of Rule C(6), in that it does not even assert any ownership interest in the property subject to this forfeiture action and it is not verified. The claimants' petition for an enlargement of time came only in response to the government's motion to strike and was not brought within the ten day period provided under the Rule for filing a claim, which would have been ten days following service of the verified claimant and actual notice received by the claimants' counsel September 10, 1999 and by claimants September 17, 1999.[2] The purposes of the time restrictions of supplemental Rule C(6) are to force claimants to come forward as soon as possible so interested parties can be heard and the dispute resolved without delay. The verification requirement is to prevent false claims.

The Court concludes that in light of the circumstances of this case, the sole explanation for the failure to file a timely claim is that counsel failed to fully inform herself of the requirements of the Supplemental Rules and elected to pursue a different avenue by filing an unverified answer to the complaint, contrary to the express language in the Notice of Forfeiture and Arrest of Property outlining the procedural prerequisites for filing claims.[3] The fac-

---

**2.** The complaint and notice were served on Glen Wayt and Urbigkit by certified mail. Heather Urbigkit signed the receipts for certified mail for herself and for Glen Wayt September 17, 1999.

**3.** ¶ 4 of the Notice of Forfeiture served on counsel and claimants provides:

ANY CLAIMANT OF, IN, OR TO THE DEFENDANT PROPERTY MUST FILE A VERIFIED CLAIM WITH THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING, Room 2131, 2120 Capitol Avenue, Cheyenne, Wyoming 82001, within ten (10) days after publication of notice, or within ten (1) days of actual notice of this action, which-

tors reviewed above cause the Court to conclude that the claimant's "Motion for Enlargement of Time to File Notice of Claim and Answer or in the Alternative Motion to Amend and Supplement the Pleadings" should be denied. Because claimants failed to file a timely verified claim, they have failed to acquire statutory standing, and consequently may not defend all or part of the defendant property in this civil forfeiture case. As noted by the District of Columbia District Court, courts take a "severe stance against a claimant who has not properly perfected his claim in a forfeiture proceeding in a timely manner." 925 F.Supp. at 841. In this case, the Rule C(6) ten day time limit lapsed without claimants taking any action to preserve the rights they now assert. There are no mitigating factors which affected their ability to strictly comply with Rule C(6)'s requirements, such as a good faith attempt to file a timely claim, detrimental reliance on misinformation from a governmental agency, or the expenditure of considerable resources in preparing the case for trial. See 925 F.Supp. at 843.

Accordingly, and for the above stated reasons, it is therefore

**ORDERED** that the government's "Motion to Strike Answer of Claimants and For Judgment on the Pleadings" shall be, and is, **GRANTED.** It is further

**ORDERED** that claimants' "Answer to Verified Complaint for Forfeiture in Rem" shall be, and is, **STRICKEN.** It is further

**ORDERED** that claimants' "Motion for Enlargement of Time to File Notice of Claim and Answer or in the Alternative, Motion to Amend and Supplement the Pleadings" shall be, and is, **DENIED.**

ever occurs first, or within such additional time as may be allowed by the Court. Said claimant shall serve his answer to the complaint within twenty (20) days after the filing of the claim, as provided by Title 28, United States Code, Rule C(6), Supplemen-

Judgment shall be entered accordingly.

tal Rules for Certain Admiralty and Maritime Claims. Failure to file a claim and answer within the specified time will result in a default judgment granting forfeiture to the United States pursuant to Rule 55, Federal Rules of Civil Procedure.