**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GLEN WAYT,

     Defendant - Appellant.

No. 02-8002
(D.C. No. 99-CR-92-5-J)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

Petitioner-Appellant Glen Wayt, an inmate appearing pro se and in forma pauperis, appeals the denial of his Rule [Fed. R. Crim. P.] 41(e) Motion for Return of Seized Property. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order denying the motion because Mr. Wayt had

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

an adequate remedy at law and because Rule 41(e) does not apply to judicial forfeitures under 21 U.S.C. § 881.

In August 1999, acting pursuant to the Controlled Substances Act, 21 U.S.C. § 881, the government filed a verified complaint against Mr. Wayt for forfeiture in rem of $96,438 (No. 99CV178J).  Through counsel, Mr. Wayt filed an unverified answer to that complaint, but failed to file a timely verified claim with the clerk of the district court as required by Title 28, United States Code, Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims.  The district court granted a motion by the United States to strike the answer and for judgment on the pleadings.  United States v. $50,200 in United States Currency, 76 F. Supp.2d 1247, 1257 (D. Wyo. 1999).  The court denied Mr. Wayt's motions for enlargement of time to file notice of claim and answer, id., and subsequent motions for reconsideration.[1]  Mr. Wayt then, in the context of his criminal case, filed a motion for return of the property under Fed. R. Civ. P. 41(e) which was denied.

Mr. Wayt first argues that the provisions of the Civil Asset Forfeiture

---

[1] Mr. Wayt contends that he received ineffective assistance of counsel in connection with the forfeiture proceeding.  As the Eleventh Circuit has noted, this is a civil proceeding and there is no right to counsel; the claimant's remedy for the alleged ineffectiveness may be a malpractice action.  United States v. 817 N.E. 29th Drive, Wilton Manors, Florida, 175 F.3d 1304, 1311 n. 14 (11th Cir. 1999).

Reform Act of 2000 ("CAFRA") can be utilized to provide him with equitable relief from the effects of his failure to file a timely verified claim in a pre-CAFRA proceeding.

CAFRA was signed into law in April 2000 and applies only to civil forfeiture proceedings commenced on or after the effective date, August 23, 2000. The judicial process leading to forfeiture of Mr. Wayt's property began in August 1999, and ended in December 1999. The provisions of the statute are unavailable to Mr. Wayt in this case. Additionally, even if there were a basis for equitable relief in this case, it would be foreclosed to Mr. Wayt because he had an adequate remedy at law.

Mr. Wayt also argues that the district court erred in denying his Fed. R. Crim. P. 41(e) motion by holding that rule inapplicable to civil forfeitures under the Controlled Substances Act. Rule 41(e) "'will not govern a judicial civil forfeiture proceeding in district court pursuant to 21 U.S.C. § 881." United States v. Madden, 95 F.3d 38, 29-40 (10th Cir. 1996) (internal citations omitted). Mr. Wayt could have made a timely appeal of the district court's adverse orders. His proposed alternative route for redress under Rule 41(e) is foreclosed by this court's decision in Madden.

AFFIRMED.  All pending motions are denied.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge