**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GLEN R. WAYT,

      Plaintiff - Appellant,

v.

CORINNE A. MILLER,

      Defendant - Appellee.

No. 02-8117
(D.C. No. 01-CV-1068-D)
(D. Wyoming)

**ORDER AND JUDGMENT** *

Before **EBEL** , **HENRY** , and **HARTZ** , Circuit Judges.

During searches conducted in March 1999, agents for the United States

Drug Enforcement Administration seized assets allegedly belonging to Plaintiff

Glen R. Wayt. Plaintiff retained Defendant Corrine A. Miller to assist him in

securing return of the seized assets. Several months later, the United States

---

*After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Attorney served Ms. Miller with a Notice of Forfeiture and Arrest of Property regarding the assets. *United States v. $50,200 in United States Currency*, 76 F. Supp. 2d 1247, 1248 (D. Wyo. 1999). The notice explained that Rule C(6), Supplemental Rules for Certain Admiralty and Maritime Claims, provides that in forfeiture proceedings, a person claiming entitlement to the defendant property must file a verified claim within ten days of actual or publication notice. *Id.* It also explained that an answer to the Government's complaint was due within twenty days of the claim's filing. *Id.*

After receiving the notice, Ms. Miller filed an answer on Plaintiff's behalf. *Id.* She did not, however, file a timely verified claim. *Id.* The Government moved to strike the answer because the claim had not been filed. *Id.* Ms. Miller then moved for enlargement of time to file the claim and answer or, alternatively, for leave to amend and supplement the pleadings. *Id.* at 1247. The court denied Ms. Miller's motion and granted the Government's motion for entry of judgment on the pleadings. *Id.* at 1257. The court stated:

> [I]n light of the circumstances of this case, the sole explanation for the failure to file a timely claim is that [Ms. Miller] failed to fully inform herself of the requirements of the Supplemental Rules and elected to pursue a different avenue by filing an unverified answer to the complaint, contrary to the express language in the Notice of Forfeiture and Arrest of Property outlining the procedural prerequisites for filing claims.

*Id.* at 1256-57.

Plaintiff did not appeal. He filed a motion in his criminal case for return of the seized property. *United States v. Wayt*, No. 02-8002, 2002 WL 1803856, **1 (10th Cir. Aug. 7, 2002). The district court denied the motion and we affirmed. *Id.*

Based on Ms. Miller's failure to file a timely verified claim, Plaintiff brought this legal-malpractice/breach-of-contract action in the United States District Court for the District of Wyoming. In the course of discovery, the Magistrate Judge entered a scheduling order requiring Plaintiff to "designate expert witnesses and provide the defendant with a complete summary of the testimony of each expert by July 1, 2002." *Wayt v. Miller*, No. 01-CV-1068-D (D. Wyo. Mar. 25, 2002) (scheduling order). Plaintiff failed to designate an expert within the time allotted.

On August 20, 2002, Ms. Miller filed a motion for summary judgment. She argued that Plaintiff needed an expert witness to meet his evidentiary burden, that Plaintiff had not designated such an expert, and that the Scheduling Order precluded Plaintiff from designating experts in the future.

The district court entered summary judgment in favor of Ms. Miller on both the legal-malpractice and breach-of-contract claims. It explained that under Wyoming law a legal-malpractice plaintiff must generally use expert testimony to establish the standard of care, breach, and causation, *Wayt v. Miller*, No. 01-CV-

1068-D, slip. op at 3 (D. Wyo. Nov. 21, 2002), although under certain circumstances, "the elements can be established through a lay person's common sense and experience." *Id.* at 3 (internal quotation marks omitted). The court did not address whether the standard of care or Ms. Miller's alleged breach could have been established under the "common sense" exception. It did find, however, that the causation question—whether Plaintiff more likely than not would have prevailed in the forfeiture proceedings had Ms. Miller timely filed the verified claim—was "not a matter of common sense." *Id.* Thus, the court concluded, Plaintiff needed an expert to sustain his burden on causation. Since Plaintiff had not, and could not, retain the necessary expert witnesses, he was unable to establish the elements of his legal-malpractice claim. *Id.* at 3-4. He also could not maintain his breach-of-contract claim because under Wyoming law that claim is "subsumed within the general claim of legal malpractice." *Id.* at 5.

On appeal Plaintiff asserts that the district court erred when it entered summary judgment in favor of Ms. Miller because (1) under the "common sense" exception, the relevant standard of care and Ms. Miller's violation of that standard can be established without the assistance of experts; (2) even if an expert was required, Ms. Miller could have been required to testify to her own negligence since she previously admitted to having "made a mistake" in a letter to the Wyoming State Bar Association; and (3) in this type of case, "causation of

-4-

damages is presumed, and there is no need for [a] [p]laintiff to present expert witness testimony on [causation]." Aplt. Br. at 10.

We review the district court's grant of summary judgment de novo. *Mattioda v. White*, 323 F.3d 1288, 1291 (10th Cir. 2003). Although all inferences are resolved in favor of the nonmoving party, that party cannot survive summary judgment without evidence sufficient to support each element of his claim. *See id.* (nonmoving party must present evidence sufficient to support a jury verdict). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

We do not discuss Plaintiff's first and second arguments because they address whether an expert is required to establish the relevant standard of care and the defendant's breach. The district court did not rule on this basis. Instead, it granted summary judgment because Plaintiff did not have an expert to establish causation. Only Plaintiff's third argument, that "causation of damages is presumed," actually challenges the district court's ruling.

It appears that Plaintiff did not make this argument before the district court. As a general rule, "this court will not consider an issue on appeal that was not raised below." *King v. United States*, 301 F.3d 1270, 1274 (10th Cir. 2002). In any event, the argument fails because the only case Plaintiff cites in support, *Walker v. Porter*, 44 Cal. App. 3d 174 (Cal. Ct. App. 1974), is easily distinguishable.

In *Walker* the plaintiff fell into an unmarked trench outside her apartment. *Id.* at 176. Upon inquiry, she discovered that the county was responsible for the area and had hired a contractor to perform repairs there. *Id.* When she contacted the contractor, he blamed the plaintiff's landlord. *Id.* The plaintiff then consulted an attorney who agreed to bring an action against the three potentially responsible parties. *Id.* The attorney, however, failed to file within the applicable limitations period. *Id.* at 178.

The plaintiff later brought a malpractice action against her attorney. *Id.* at 176. Her case was dismissed for failure to show who, among the three potentially responsible parties, was actually responsible for the injury. *Id.* at 177. The appellate court reversed not because, as Plaintiff argues, it presumed that the attorney's negligence caused the plaintiff's damage, but because the facts surrounding the accident established "that one or more of the three potential defendants . . . was legally responsible for the accident." *Id.* at 178.

Plaintiff's case is significantly different from *Walker*. A layperson, using "common sense," may easily conclude that of the three persons responsible for a particular piece of property, one or more of those persons is responsible for injuries attributable to an unmarked trench on the property. But a layperson does not generally know whether a plaintiff's challenge to a particular forfeiture would have been successful had that plaintiff been afforded an opportunity to present his

case.  The latter determination, unlike the former, requires the assistance of a legal expert.

For substantially the same reasons stated in the district court's order, we **AFFIRM**.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge